**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
KRISTY KUNISAKI, CA BAR NO. 241005

Attorneys for STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S HOSPITAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL, | Case No:  5:07-CV-05158-JF |
| Petitioners, | **DECLARATION OF EILEEN R. RIDLEY IN SUPPORT OF STANFORD HOSPITAL & CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL DEPOSITIONS** |
| vs. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715, | |
| Respondent. | Date:        August 27, 2008<br>Time:        9:30 a.m.<br>Dept:        4 |
| | Judge:        Hon. Jeremy Fogel<br>Magistrate Judge: Hon. Richard Seeborg |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No:  5:08-CV-00213-JF |
| Petitioner and Counter-Respondent, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents and Counter-Petitioners. | Judge:        Hon. Jeremy Fogel |

SFCA_1423395.1

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00215-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:      Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00216-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:      Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01726-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:      Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01727-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:      Hon. Jeremy Fogel |

2

SFCA_1423395.1

1.     I am an attorney at law, licensed to practice in the State of California and before this Court.  I am a partner with the law firm of Foley & Lardner LLP, counsel of record for Stanford Hospital & Clinics and Lucile Packard Children's Hospital (hereinafter collectively "the Hospitals").  I am one of the attorneys with primary responsibility for representing the HOSPITALS in the above-referenced actions (the "Actions").  All of the matters stated within this Declaration are within my personal knowledge, and I am fully competent to testify as to each of these matters if called upon to do so.

2.     The Court conducted a Case Management Conference on April 25, 2008 during which proceeding the Court [a] permitted the Hospitals to conduct discovery regarding the existence of Service Employees International Union, Local 715 ("SEIU, Local 715"), its representative capacity and the use of its resources and [b] set the hearing and filing dates for dispositive motions.  The deadline to file dispositive motions was set for July 18, 2008.  A true and correct copy of the transcript of that Case Management Conference is attached hereto as Exhibit A.

3.     On June 13, 2008, a Notice of Deposition of Bruce W. Smith for his deposition set for June 26, 2008, was served to counsel of record for Petitioner and Counter-Respondent, SEIU, Local 715.  A true and correct copy of this Notice of Deposition is hereto attached as Exhibits B-G.  The deposition date was specifically scheduled to take place after SEIU, Local 715 produced documents pursuant to a Request for Production of Documents served by the Hospitals earlier.

4.     On June 13, 2008, a Notice of Deposition of Myriam Escamilla for her deposition set for July 2, 2008, was served to counsel of record for Petitioner and Counter-Respondent.  A true and correct copy of this Notice of Deposition is hereto attached as Exhibits H-M.  Again, the deposition date was specifically scheduled to take place after SEIU, Local 715 produced documents pursuant to a Request for Production of Documents served by the Hospitals earlier.

SFCA_1423395.1

1         5.    Nationwide Legal, Inc. attempted to serve the deposition subpoena on Ms.

2     Escamilla on several occasions, but were unsuccessful due to Ms. Escamilla purposefully

3     evading service.  Specifically, while attempting to serve Ms. Escamilla with the

4     deposition subpoena, a process server spoke with Ms. Escamilla by telephone on June 17,

5     2008 at 8:15 a.m. and made an appointment for Ms. Escamilla to accept service on the

6     morning of June 18, 2008 at her home.  On the date of the appointment, June 18, 2008 at

7     8:45 a.m., Ms. Escamilla informed the process server that she would not accept service.

8     On the following two days, June 19 and 20, 2008, the process server attempted to serve

9     Ms. Escamilla at her workplace.  However, two separate receptionists notified the process

10     server that he could leave the subpoena in a drop box but that no name of the person

11     accepting service would be provided.  Ms. Escamilla refused to accept service at her

12     workplace.  The process server again attempted to serve Ms. Escamilla at her home on

13     June 21 and 22, 2008, but no one would answer the door even though he could hear

14     voices inside Ms. Escamilla's apartment.  Attached hereto as Exhibits N-S are true and

15     correct copies of the Declarations of Ismael Velasco and Carlos Castro dated June 25,

16     2008 regarding attempted service of Ms. Escamilla.  Attached hereto as Exhibits T-Y are

17     true and correct copies of the Deposition Subpoena for Ms. Escamilla.

18         6.    On June 13, 2008, a Notice of Deposition of Kristy Sermersheim for her

19     deposition set for July 1, 2008, was served to counsel of record for Petitioner and

20     Counter-Respondent.  A true and correct copy of this Notice of Deposition is hereto

21     attached as Exhibits Z-EE.  Once again, the deposition date was specifically scheduled to

22     take place after SEIU, Local 715 and other union entities were to produce documents

23     pursuant to a Request for Production of Documents and/or subpoena served by the

24     Hospitals earlier.  On June 16, 2008, Ms. Sermersheim was served with the deposition

25     subpoena.  A true and correct copy of this Deposition Subpoena is hereto attached as

26     Exhibits FF-KK.

27     ///

28

RIDLEY DECLARATION IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1423395.1

7.    On June 23, 2008, I received a letter from Bruce Harland. In that letter, Mr. Harland inquired as to whether Mr. Smith and Ms. Escamilla were subpoenaed as non-parties for deposition. Mr. Harland further wrote that if he was correct that Mr. Smith and Ms. Escamilla were non-parties, then he objected to the subpoenas on the basis that they were an effort to harass both Mr. Smith and Ms. Escamilla. Mr. Harland further notified me that Mr. Smith and Ms. Escamilla were not available for the dates noticed. A true and correct copy of this letter dated June 23, 2008 is hereto attached as Exhibit LL.

8.    On the same day, June 23, 2008, I sent a letter to Mr. Harland in response to his letter. In my letter, I clarified that Mr. Smith was served as a party since he acted as the trustee for SEIU, Local 715. I also notified Mr. Harland that Ms. Escamilla has repeatedly evaded service of a subpoena, and requested Mr. Harland's office whether it was authorized to accept service on Ms. Escamilla's behalf. My letter also clarified the purpose for the depositions of Mr. Smith and Ms. Escamilla. A true and correct copy of this letter dated June 23, 2008 is hereto attached as Exhibit MM.

9.    On June 25, 2008, I emailed Mr. Harland regarding the depositions of Mr. Smith and Ms. Escamilla. In my email, I specifically requested alternative dates for Mr. Smith and Ms. Escamilla, particularly in light of the July 18th deadline to file dispositive motions. A true and correct copy of this email is hereto attached as Exhibit NN.

10.    On June 27, 2008, Scott Inciardi of my office received a letter from Andrea Laiacona. In that letter, Ms. Laiacona notified Mr. Inciardi that Kristy Sermersheim was not available for deposition on July 1, 2008. Ms. Laiacona further requested that Mr. Inciardi contact her to "discuss possible dates and to discuss the necessity of taking Ms. Sermersheim's deposition." In her letter, Ms. Laiacona further stated that she did not believe that Ms. Sermersheim has any relevant information and indicated that she would file a motion to quash the subpoena if the Hospitals proceeded with scheduling Ms. Sermersheim's deposition. A true and correct copy of this letter dated June 26, 2008 is hereto attached as Exhibit OO.

SFCA_1423395.1

11.     On June 30, 2008, Mr. Inciardi responded to Ms. Laiacona's letter of June 26. In his response, Mr. Inciardi explained the necessity of the deposition of Ms. Sermersheim and requested that available dates be provided. To date, my office has not received a response to Mr. Inciardi's letter. A true and correct copy of this letter dated June 30, 2008 is hereto attached as Exhibit PP.

12.     On June 27, 2008, I received a letter from Andrea Laiacona stating her position on behalf of Local 521. In her letter, Ms. Laiacona (incorrectly) alleged that I had already expressly acknowledged that Local 715 exists, and that my client's request for discovery "[was] an abuse of process, burdensome, harassing and unnecessary and … points to the bad faith [my] client [was] engaging in …maintaining this litigation." A true and correct copy of this letter is hereto attached as Exhibit QQ.

13.     On Friday, June 27, 2008, because I had not received a response to my email of June 25, 2008, I emailed Mr. Harland to follow-up to my prior email. Mr. Harland responded on June 30, 2008, and notified me that he would be available to speak with me on July 1, 2008. A true and correct copy of these emails are hereto attached as Exhibit RR.

14.     On July 1, 2008, I had not heard from Mr. Harland despite his representation that he would be available to meet and confer. I emailed Mr. Harland requesting a response from him regarding the pending discovery issues. On July 1, 2008 after 5:00 p.m., Mr. Harland responded to my email. In his email, Mr. Harland refused to stipulate to continue the July 18, 2008 filing date for dispositive motions. Mr. Harland further refused to offer deposition dates for Ms. Escamilla and offered the deposition dates of July 14, 15, 16, 17, 2008 for the deposition of Mr. Smith. I responded to Mr. Harland's email via email at 9:12 p.m. on that same day. In my email, I refuted Mr. Harland's contentions regarding the necessity of the discovery propounded by my clients. On July 2, 2008, at 7:12 p.m., I received an email from Mr. Harland notifying me that he was available on July 3 to meet and confer. In that email, Mr. Harland also proposed that

SFCA_1423395.1

we meet and confer after he has had an opportunity to address our meet and confer letter of July 1, 2008. I responded to Mr. Harland's email on July 3, 2008, proposing dates for a telephone conference on either July 7 or 8. A true and correct copy of these emails are hereto attached as Exhibit SS.

15.    On July 9, 2008, I met and conferred with Mr. Harland regarding outstanding discovery issues, including setting dates for depositions. In that conversation, I told Mr. Harland that it was necessary first to obtain all responsive documents to the pending discovery requests (including the request for production from SEIU, Local 715) in order to complete the depositions. I outlined the Hospitals' position with respect to outstanding discovery issues in an email to Mr. Harland dated July 9, 2008. A true and correct copy of this email is hereto attached as Exhibit TT.

16.    Prior to the filing of this motion to compel, I made a reasonable and good faith attempt to resolve the disputed response raised by this motion with counsel for Plaintiffs as reflected in Exhibits LL-TT attached hereto. The attempts to meet and confer were not successful.

17.    I have reviewed the time entries on this matter and am familiar with the billable rates of the attorneys work on the Actions. The Hospitals estimate that they have expended and/or will expend (including any appearance at the hearing of this motion) a total of approximately $10,000 in bringing this motion.

18.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this eleventh day of July 2008 in San Francisco, California.

/s/
EILEEN R. RIDLEY

7

SFCA_1423395.1

# EXHIBIT A

1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3              SAN JOSE DIVISION

4

5   SERVICE EMPLOYEES          )   CV-07-5158-JF
    INTERNATIONAL UNION,       )
    LOCAL 715,                 )   SAN JOSE, CALIFORNIA

6                              )

7              PETITIONER,     )
                               )   APRIL 25, 2008
         VS.                   )

8                              )

9   STANFORD HOSPITAL AND      )   PAGES 1-17
    CLINICS & LUCILE PACKARD   )
    CHILDREN'S HOSPITAL,

10

11             RESPONDENT.

12         TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE JEREMY FOGEL

13        UNITED STATES DISTRICT JUDGE

14

15  A P P E A R A N C E S:

16

17  FOR THE PLAINTIFF:   WEINBERG, ROGER & ROSENFELD
    SEIU                 BY:   BRUCE HARLAND    .
                         1001 MARINA VILLAGE PKWY.
                         STE 200

18                       ALAMEDA, CA  94501

19

20  FOR THE DEFENDANT:   FOLEY & LARDNER
    STANFORD HOSPITAL    BY:  EILEEN RIDLEY

21  LUCILE PACKARD       ONE MARITIME PLAZA, 6TH FL
                         SAN FRANCISCO, CA  94111

22

23

24

25  OFFICIAL COURT REPORTER: SUMMER CLANTON, CSR,
                             CERTIFICATE NUMBER 13185

1

1    SAN JOSE, CALIFORNIA            APRIL 25, 2008

2                 P R O C E E D I N G S

3              (WHEREUPON, COURT CONVENED AND THE

4    FOLLOWING PROCEEDINGS WERE HELD:)

5              THE COURT:  ALL OF THE SEIU, WHICH I

6    BELIEVE ALL HAVE THE SAME NAME.  SEIU VERSUS

7    STANFORD HOSPITAL AND CLINICS.

8              MR. HARLAND:  GOOD MORNING, YOUR HONOR.

9    BRUCE HARLAND FOR SEIU LOCAL 715.

10             MS. RIDLEY:  GOOD MORNING, YOUR HONOR.

11   EILEEN RIDLEY, FOLEY AND LARDNER, ON BEHALF OF

12   STANFORD HOSPITAL AND LUCILE PACKARD CHILDREN'S

13   HOSPITAL.

14             THE COURT:  OKAY.  WE ACTUALLY HAVE A

15   COUPLE OF DIFFERENT THINGS GOING ON.  I DID RELATE

16   ALL THE CASES AND THERE SHOULD BE NO

17   MISUNDERSTANDING.  I DIDN'T CONSOLIDATE ANYTHING.

18   I'M TREATING THEM AS SEPARATE CASES, BUT I

19   CONCLUDED THERE IS ENOUGH OF AN OVERLAP AMONG THE

20   DISPUTES THAT IT WOULD BE APPROPRIATE FOR ONE JUDGE

21   TO HANDLE THEM.

22             I GUESS MY QUESTION IS WHETHER WE ARE IN

23   A POSITION TO SET ANY TYPE OF SCHEDULE OR WHETHER

24   WE SHOULD TRY TO GET EVERYONE TOGETHER FOR A SINGLE

25   ADR PROCEDURE OR WHAT THE APPROPRIATE NEXT MOVE IS

                                                    2

1    AT THIS POINT.

2             MR. HARLAND:  YOUR HONOR, THIS IS

3    BRUCE HARLAND.  I DON'T THINK ANY ADR IS GOING TO

4    BE HELPFUL IN THIS SITUATION.

5             WHAT I WOULD PROPOSE IN THE RELATED CASE,

6    051 -- OR, 5158 -- WE AGREED AT THE LAST CASE

7    MANAGEMENT CONFERENCE TO FILE A DISPOSITIVE MOTION

8    IN THAT MATTER BY JUNE 20TH.

9             THE COURT:  OKAY.

10            MR. HARLAND:  AND THAT'S A PETITION TO

11   VACATE FILED BY STANFORD HOSPITAL.  213, BEFORE YOU

12   TODAY, IS A PETITION, PART OF AN ARBITRATION AWARD,

13   WHICH IN THE UNION'S OPINION IS JUST A STRAIGHT

14   LEGAL ISSUE.  I WOULD PROPOSE HAVING 505 ON JUNE

15   20TH.

16            THE COURT:  BASICALLY JUST SET A MOTIONS

17   DATE FOR ANY MOTIONS ANYONE WANTS TO FILE IN ANY OF

18   THE RELATED CASES?

19            MR. HARLAND:  YEAH.  BEFORE JUNE 20TH.  I

20   DON'T THINK THERE'S ANY NEED IN THESE CASES,

21   BECAUSE THERE'S JUST A PURE LEGAL ISSUE, ANY NEED

22   TO DO DISCOVERY.

23            THE COURT:  OKAY.  I SEE COUNSEL SHAKING

24   HER HEAD, SO PERHAPS I SHOULD HERE FROM HER.

25            MS. RIDLEY:  A COUPLE OF POINTS WITH

                                                          3

1    REGARD TO THAT.

2            ONE, THE CASES MOST RECENTLY RELATED,

3    WE'VE NOT EVEN APPEARED YET, AND WE THINK THEY ARE

4    SURFACE ISSUES WITH REGARD TO THOSE.  THE SURFACE

5    ISSUES CAN BE RESOLVED MUCH LIKE THE OTHER ISSUES

6    BUT THEY ARE IN A DIFFERENT STATUS.

7            SECOND, THERE'S DIFFERENT ISSUES FROM THE

8    CASE -- THE FIRST FILED CASE FROM THE RELATED CASES

9    THAN THE OTHERS AS WE'VE DISCUSSED, BUT ONE OF THE

10    MORE IMPORTANT ISSUES IS THE STATUS OF LOCAL 715,

11    THE ISSUES OF RESOURCES, AND THE REPRESENTATIVE

12    CAPACITY.  THOSE HAVE TO BE SUBJECT TO SOME

13    DISCOVERY WHICH WE BELIEVE HAS TO BE DONE.  AND

14    GIVEN THE JUNE 20TH DATE, I DON'T KNOW WE HAVE

15    ENOUGH TIME.

16            THERE ARE SIGNIFICANT ISSUES WITH REGARD

17    TO WHAT'S GOING ON WITH REGARD TO WHO IS

18    REPRESENTING THAT LOCAL, WHETHER IT EXISTS, AND

19    WHETHER RESOURCES HAVE BEEN SENT.

20            THE COURT:  HOW QUICKLY WILL IT TAKE TO

21    DO THAT?

22            MS. RIDLEY:  I ANTICIPATE, WITH REGARD TO

23    DISCOVERY, IS SOME DOCUMENT PRODUCTION, POSSIBLE

24    REQUEST AND A POSSIBLE DEPOSITIONS.

25            THE ISSUE REALLY GOES TO A VERY DISCREET

4

1    CONCERN WITH REGARD TO THE RESOURCES AND

2    REPRESENTATION.

3              THE COURT:  RIGHT, WHO ARE YOU DEALING

4    WITH.

5              LET ME GET COUNSEL TO RESPOND.

6              MR. HARLAND?

7              MR. HARLAND:  SURE.  I THINK IT WILL

8    TAKE -- IT WILL BE SIGNIFICANT DISCOVERY BASED ON

9    THE PAST RELATIONSHIP BETWEEN THE PARTIES.

10             NUMBER TWO, I DON'T THINK YOU NEED ANY OF

11   THAT INFORMATION, OR THEY NEED ANY OF THAT

12   INFORMATION TO ARGUE A PETITION TO CONFIRM AN

13   ARBITRATION AWARD OR EVEN A PETITION TO COMPEL

14   ARBITRATION.

15             THE COURT:  YOU'RE SAYING WE CAN SET THE

16   MOTION SCHEDULES ON THE ARBITRATION CASES QUICKLY,

17   AND THEN THE OTHER MATTER HAVING TO DO WITH WHO IS

18   BARGAINING WITH WHOM CAN BE WORKED OUT IN A SLOWER

19   TIME FRAME.

20             MR. HARLAND:  WHAT I WOULD SUGGEST IS WE

21   BE ALLOWED TO BRING THE MOTION BY JUNE 20TH BY ALL

22   THE CASES EXCEPT FOR THE TWO THAT HAVE JUST BEEN

23   RELATED.  I GUESS --

24             THE COURT:  ALL RIGHT.  LET ME HEAR FROM

25   STANFORD AS TO WHY THAT'S NOT APPROPRIATE.

1         MS. RIDLEY:  THEY ARE TRYING TO COMPEL AN

2    ARBITRATION BASED ON AN ENTITY AND A SERVICING

3    AGREEMENT THAT WE'VE REJECTED, WITH REGARD TO

4    COUNSEL, WHO HASN'T CLARIFIED WHO THEY ARE

5    REPRESENTING, AN ENTITY THAT MAY NOT IN FACT EXIST.

6         THE COURT:  WOULD ANY OF THAT GO TO THE

7    ENFORCEABILITY OR THE LEGALITY OF THE ARBITRATION

8    AWARDS IN QUESTION?

9         MS. RIDLEY: YES, YOUR HONOR.  AND WE

10   THINK THAT'S ONE OF THE ISSUES INCLUDING -- FOR

11   INSTANCE, IN THE FIRST CASE THAT EVERYTHING IS

12   RELATED TO, DEALING WITH WHETHER OR NOT THE

13   ARBITRATOR IN THAT CASE WENT BEYOND HIS POWERS TO

14   DETERMINE CERTAIN ISSUES.

15         THE COURT:  OKAY.

16         MR. HARLAND:  AND THAT'S JUST THE PURE

17   LEGAL ISSUE BECAUSE IT'S A MATTER THAT WAS

18   SUBMITTED TO THE ARBITRATOR WHICH HE EITHER WENT

19   BEYOND THAT ISSUE OR HE DIDN'T GO BEYOND THAT

20   ISSUE.  IF HE DIDN'T GO BEYOND THE ISSUES SUBMITTED

21   TO HIM --

22         THE COURT:  LET ME JUST HYPOTHETICALLY

23   SUGGEST SOMETHING AND GET A RESPONSE.

24         WITHIN THE FOUR CORNERS OF THE

25   ARBITRATION AWARD, THERE'S NO QUESTION THAT WHAT

1    MR. HARLAND JUST SAID IS CORRECT.  THE COURT LOOKS

2    AT THE ARBITRATION AWARD, AND IS THERE AN AGREEMENT

3    TO ARBITRATE, AND IS THE AWARD NOT COMPLETELY OFF

4    THE ENDS OF THE EARTH, AND SOMETIMES EVEN THOSE ARE

5    OKAY.  AND YOU JUST EITHER DECIDE TO CONFIRM IT OR

6    NOT.

7             BUT IN TERMS OF THE ENFORCEABILITY OF THE

8    ARBITRATION AWARD, THAT'S A DIFFERENT QUESTION.

9    IF THE ARBITRATION INVOLVED PEOPLE WHO WERE NOT

10   PARTIES TO THE ARBITRATION AGREEMENT, FOR INSTANCE,

11   THEN IT DOESN'T MATTER HOW GREAT A JOB THE

12   ARBITRATOR DID IF THERE'S NOTHING TO ENFORCE.  SO

13   THOSE ARE SEPARATE QUESTIONS.

14             AND I GUESS I WANT TO TRY TO GET AN

15   INDICATION -- IS IT THE UNION'S POSITION THAT THE

16   COURT SHOULD ADJUDICATE WHETHER THE AWARD SHOULD BE

17   CONFIRMED OR NOT CONFIRMED JUST BASED ON

18   TRADITIONAL ARBITRATION PRINCIPLES, AND THEN LEAVE

19   FOR ANOTHER DAY THE QUESTION OF WHETHER AT LEAST

20   ONE PARTY TO THAT ARBITRATION ACTUALLY HAD STANDING

21   TO PARTICIPATE IN IT, WHICH IS WHAT I THINK I HEAR

22   COUNSEL SUGGESTING.

23             MR. HARLAND:  I THINK YOU CAN RESOLVE --

24   I DON'T THINK YOU HAVE TO EVEN GET TO THE SECOND

25   ISSUE, BUT I THINK YOU CAN RESOLVE BOTH OF THOSE

7

1    ISSUES IN ONE MOTION WITHOUT ANY DISCOVERY.

2              THE COURT:  BUT HOW DO YOU -- I'M SORRY

3    TO INTERRUPT YOU -- BUT HOW DO YOU RESOLVE AN ISSUE

4    SUCH AS REPRESENTATION WITHOUT GETTING INTO SOME

5    TYPE OF FACTUAL INQUIRY?

6              MR. HARLAND:  WELL, FIRST, THE COURT DOES

7    NOT HAVE JURISDICTION OVER THE REPRESENTATIONAL

8    STATUS OF THE UNION, THAT'S THE NLRB'S

9    JURISDICTION, SO THAT'S JUST A PURE LEGAL ISSUE

10   THERE.

11             THE COURT IS ONLY, AS YOU SAID, LOOKING

12   AT THE CONTRACT, LOOKING AT THE ARBITRATION AND

13   DETERMINING WHETHER OR NOT THE ARBITRATOR ISSUED

14   THE ARBITRATION AWARD BY DRAWING THE ESSENCE OF THE

15   AWARD FROM THE CONTRACT OR, YOU KNOW, WHETHER OR

16   NOT HE VIOLATED POLICY.  YOU ARE REALLY LOOKING

17   ONLY AT LIMITED THINGS.

18             THE REPRESENTATIONAL STATUS OF THE UNION,

19   IS NOT AN ISSUE BEFORE THIS COURT AND THE COURT

20   DOESN'T HAVE ANY JURISDICTION.

21             THE COURT:  BUT WHY WOULD THE COURT WANT

22   TO SPEND THE TIME EVALUATING THE ENFORCEABILITY OF

23   AN ARBITRATION AWARD IF ULTIMATELY THE PARTIES WHO

24   ARE SEEKING ENFORCEMENT DON'T HAVE STANDING?

25             IN OTHER WORDS, I UNDERSTAND YOUR POINT,

8

 1    THE COURT CAN LOOK AT THE AWARD WITHOUT EVEN

 2    LOOKING AT THE ISSUE OF REPRESENTATIONAL STATUS,

 3    BUT WHY WOULD THE COURT DO THAT AS A MATTER OF

 4    JUDICIAL ADMINISTRATION IF THERE'S GOING TO BE A

 5    FIGHT ABOUT THAT LATER?

 6              MR. HARLAND:  WELL, AGAIN, I THINK YOU

 7    CAN DO ALL OF THAT WITHOUT ANY DISCOVERY.

 8              I MEAN, FOR EXAMPLE, THE WHOLE THING THAT

 9    TICKED US OFF WAS A PETITION TO VACATE FILES BY

10    STANFORD.  THEY SAY THEY DON'T THINK EXISTS -- OR

11    THEY HAVE DOUBTS THAT EXISTS.  THERE IS -- I DON'T

12    KNOW HOW ELSE TO ANSWER THE QUESTION OTHER THAN I

13    DON'T THINK ANY DISCOVERY IS NECESSARY IN TERMS OF

14    THE UNION.  BUT THE COURT COULD CONFIRM THE

15    ARBITRATION AWARD AND THEN ENFORCE IT, AT THAT

16    POINT, DETERMINE IF THE UNION HAD ANY STANDING OR

17    NOT.

18              THE COURT:  WHY WOULD -- IF IT'S NOT

19    ENFORCEABLE -- AND I DON'T MEAN TO GET INTO A

20    HYPOTHETICAL ARGUMENT.  BUT IF IT'S NOT ENFORCEABLE

21    BECAUSE IT WASN'T OBTAINED BY A PARTY WITH

22    STANDING, WHY WOULD THE COURT WANT TO INVEST THE

23    RESOURCES DECIDING WHETHER IT'S ENFORCEABLE OR NOT?

24              MR. HARLAND:  IN TERMS OF WHO HAS

25    STANDING, THE ONLY PARTY THAT HAS STANDING IS THE

9

1    PARTY TO THE CONTRACT.

2             THE COURT:  RIGHT.

3             MR. HARLAND:  AND AGAIN, THIS IS A LEGAL

4    ISSUE IN TERMS OF WHO THE PARTIES HAVE AS THEIR

5    ADVOCATE AT THE ARBITRATION.

6             THE COURT:  I'M NOT SURE THAT'S TRUE,

7    COUNSEL.

8             AND AGAIN, I'M NOT TRYING EXERCISE

9    JURISDICTION OVER SOMETHING I DON'T HAVE

10   JURISDICTION OVER.  BUT SAY THERE'S A CONTRACT

11   BETWEEN A AND B, AND Z SHOWS UP AT THE ARBITRATION

12   AND SAYS, I'M A.

13            MR. HARLAND:  THAT'S NOT THE SITUATION WE

14   ARE DEALING WITH.  WHAT WE ARE DEALING WITH IS THE

15   CONTRACTS BETWEEN A AND B.  B SHOWS UP TO THE

16   ARBITRATION AND THE ATTORNEY FOR B SAYS, I'M

17   APPEARING ON BEHALF OF B.

18            COUNSEL FOR THE HOSPITALS ARE SAYING THAT

19   THEY QUESTION WHETHER OR NOT OUR FIRM ACTUALLY

20   REPRESENTS B DIRECTLY.

21            THAT'S NOT A STANDING ISSUE, THAT'S A

22   QUESTION OF ATTORNEY-CLIENT PRIVILEGE.

23            THE COURT:  IN MY HYPOTHETICAL, THOUGH,

24   YOU HAVE A PARTY WHO WASN'T WHO THEY SAID THEY WERE

25   PARTICIPATING IN THE ARBITRATION, AND THEN YOU GET

1    AN ADJUDICATION WHICH IS A RESULT OF THE POSITIONS

2    TAKEN BY THAT PARTY AND IT TURNS OUT THE ACTUAL

3    PARTY WASN'T THERE.   THAT GOES TO THE QUESTION OF

4    WHETHER THE ARBITRATION AWARD HAS ANY VALIDITY.

5            THAT'S WHAT I UNDERSTAND THE ARGUMENT TO

6    BE.   I'M NOT -- I HAVE NO IDEA WHETHER THERE'S ANY

7    TRUTH TO IT, BUT IT'S MORE THAN A QUESTION OF WHO

8    THE LAWYER IS.

9            WHAT I GATHER FROM THE VARIOUS PAPERS

10   I'VE SEEN OVER THE LAST SEVERAL DAYS IS THAT

11   THERE'S A DISPUTE AS TO WHETHER A LOCAL 715

12   REPRESENTS THE PEOPLE WHO IT PURPORTS TO REPRESENT.

13           MR. HARLAND:   BUT THAT IS AN ISSUE

14   ENTIRELY BEFORE THE EXCLUSIVE JURISDICTION OF

15   THE --

16           THE COURT:   RIGHT.   IT IS.   AND I'M NOT

17   PURPORTING TO DECIDE THAT.

18           BUT WHAT I'M SAYING IS BEFORE I ENTERTAIN

19   A PETITION TO VACATE OR ENFORCE AN ARBITRATION

20   AWARD, I HAVE TO MAKE SURE THAT THE WHOLE THING

21   ISN'T GOING TO GET UNDERCUT BY AN ORDER FROM THE

22   NLRB COMING OUT AT SOME FUTURE POINT IN TIME

23   SAYING, ACTUALLY, THE PEOPLE WHO WERE THERE HAD NO

24   RIGHT TO BE THERE.

25           THIS IS A RESOURCE QUESTION FOR ME.   I

1      THINK WHAT YOU SAID IS ABSOLUTELY RIGHT.  THE COURT

2      CAN LOOK AT THE ARBITRATION AWARD AND DECIDE

3      WHETHER IT MAKES SENSE, IN TERMS OF THE SCOPE OF

4      THE ARBITRATION AGREEMENT, WITHOUT REVOLVING THE

5      STANDING ISSUE AT ALL.  I'M JUST TRYING TO DECIDE

6      WHETHER IT'S A PRUDENT THING TO DO.

7           WHY SHOULD THE COURT GO THROUGH

8      LITIGATING ALL OF THAT IF THERE'S A POSSIBILITY IT

9      MAY NOT MEAN ANYTHING?

10          MR. HARLAND:  YOU COULD SAY THAT IN ANY

11     PETITION TO COMPEL, OR PETITION TO CONFIRM, OR

12     PETITION TO VACATE AT ANY POINT, AND IT GIVES A

13     COLLECTIVE BARGAINING RELATIONSHIP.

14          THE EMPLOYER CAN SAY, WE DON'T THINK THE

15     UNION REPRESENTS WHO THEY PURPORT TO REPRESENT.

16     BUT THE QUESTION IS:  AT THE HEARING, THE PARTIES

17     SHOWED UP; THE UNION ENTERED AN APPEARANCE ON

18     BEHALF OF LOCAL 715; A REPRESENTATIVE WHO WAS A

19     TRUSTEE OF 715 APPEARED.

20          THERE'S NO ISSUE OTHER THAN THAT.  THE

21     UNION IS JUST SEEKING TO ENFORCE THE AWARD THAT

22     THEY RECEIVED AS A PROPOSED AGREEMENT.

23          THE COURT:  LET ME JUST ASK COUNSEL.

24          IS THERE ANY REASON WHY THE COURT CAN'T

25     LOOK AT THE MERITS OF THE ARBITRATION AWARD?

1            MS. RIDLEY:  YES, BECAUSE ONE OF THE

2     THINGS THE ARBITRATOR DID WAS DETERMINE THE ISSUE

3     OF REPRESENTATION AND STANDING.  EVEN THOUGH DURING

4     THE PROCEEDING THE ARBITRATOR SAID THAT'S NOT THEIR

5     JURISDICTION, THEY ACTUALLY MADE THAT DECISION.

6     AND THAT IS, ORGANICALLY, ONE OF THE PROBLEMS THAT

7     GOES BEYOND WHETHER OR NOT YOU CAN CONFIRM THE

8     ARBITRATION AWARD BUT ALSO IT'S ENFORCEABILITY.

9            THE COURT:  SO WHAT CAN WE DO TO EXPEDITE

10    THE DISCOVERY ON THIS STANDING ISSUE?

11            MS. RIDLEY:  WE ARE PREPARED TO ISSUE THE

12    REQUESTS, TO IDENTIFY, YOU KNOW, THE DEPOSITIONS

13    THAT WE NEED WITH REGARD TO IT ONCE WE GET THE

14    DOCUMENTS WE THINK ARE RELEVANT TO FAIRLY NARROW

15    THE ISSUE WE ARE RAISING HERE.

16            THE COURT:  COUNSEL, IS THERE SOME REASON

17    WHY THAT CAN'T BE DONE QUICKLY?

18            MR. HARLAND:  ARE YOU ASKING ME?

19            THE COURT:  YES, COUNSEL.  I AM.

20            MR. HARLAND:  I MEAN, I HOPE IT COULD BE

21    DONE QUICKLY.  I DOUBT THAT IT WILL BE, BUT I HOPE

22    THAT IT COULD BE DONE QUICKLY.

23            THE COURT:  WELL, IT'S IN EVERYBODY'S

24    INTEREST.

25            ALL RIGHT, HERE'S WHAT I'M GOING TO DO.

1    AND THIS IS NECESSARILY BASED ON IMPRESSIONS RATHER

2    THAN HAVING POURED THROUGH HUNDREDS OF PAGES OF

3    DOCUMENTS.  BUT I THINK DISCOVERY SHOULD PROCEED ON

4    THIS ISSUE BECAUSE IT'S GOING ON ARISE AT SOME

5    POINT.

6         AND THE COURT IS NOT PURPORTING TO

7    EXERCISE JURISDICTION OVER SOMETHING THAT THE NLRB

8    HAS EXCLUSIVE JURISDICTION OVER, BUT ONLY TO AID

9    THE RESOLUTIONS OF THE MOTIONS IT'S GOING TO HEAR.

10        AND I WILL MOVE THE FILING DATE FOR THE

11   PETITION TO VACATE IN THE PETITION TO COMPEL.  I

12   WILL MOVE THEM BACK 30 DAYS, SO WE WILL MOVE TO

13   JULY 18TH IN LIEU OF THE JUNE 20TH DATE.  AND

14   DISCOVERY IS TO PROCEED, AND IF THERE'S PROBLEMS

15   WITH THAT, THEY ARE REFERRED TO MAGISTRATE

16   JUDGE SEEBORG.

17        THEN THE HEARING DATE ON THE

18   CROSS-MOTIONS WITH RESPECT TO THE ARBITRATION AWARD

19   WOULD BE AUGUST 29TH.  AND I THINK THAT MAYBE -- I

20   THINK THAT WORKS.  AUGUST 20TH AT 9:00.

21        MR. HARLAND:  OKAY.  SO IF I HAVE IT

22   CORRECT, YOUR HONOR, BY JULY 18TH, 2008, DISCOVERY

23   SHOULD BE COMPLETED, ARE YOU SAYING?

24        THE COURT:  I'M SAYING THAT'S WHEN THE

25   MOTIONS SHOULD BE FILED.

14

1          MR. HARLAND:  OKAY.

2          THE COURT:  DISCOVERY IS GOING TO HAVE TO

3    GET DONE BEFORE THAT.  I'M LEAVING THAT TO THE

4    PARTIES.  AND I REALIZE THIS IS AN ACRIMONIOUS

5    RELATIONSHIP, AND I EXPECT COUNSEL TO COOPERATE AND

6    USE ALL THE PROFESSIONAL COURTESIES THAT THEY CAN

7    TO GET IT DONE SO THAT MOTIONS CAN BE FILED ON

8    JULY 18TH.

9          AND THEN WE WILL HAVE A HEARING ON THE

10   CROSS-MOTIONS, WITH RESPECT TO THE ARBITRATION

11   AWARD, ON AUGUST 29TH.

12         MS. RIDLEY:  AND I WOULD --

13         MR. HARLAND:  FOR BOTH OF THEM?

14         THE COURT:  FOR BOTH OF THEM, YES.

15   THAT'S WHAT I MEAN BY CROSS-MOTIONS.

16         MS. RIDLEY:  AND JUST SO I'M CLEAR, THE

17   MOTIONS IN THE FIRST FILED CASE, JUST TO BE CLEAR.

18         THE COURT:  YES.

19         MS. RIDLEY:  AND THERE'S NO GENERAL ORDER

20   ABOUT THE CLOSURE OF DISCOVERY FOR ALL THE RELATED?

21         THE COURT:  NO, NO.  AND THERE'S ONLY ONE

22   ARBITRATION AWARD, RIGHT?

23         MS. RIDLEY:  RIGHT.

24         THE COURT:  AND ONE PARTY WANTS TO

25   ENFORCE IT AND THE OTHER ONE WANTS TO VACATE IT.

1              MR. HARLAND:  ACTUALLY, THERE'S TWO.

2     THERE'S AN ARBITRATION AWARD IN 5158 WHICH THE

3     HOSPITAL IS SEEKING TO VACATE.

4              THE COURT:  OKAY.  AND THEN THERE IS ONE

5     THE UNION IS SEEKING TO ENFORCE.

6              MR. HARLAND:  YES.

7              THE COURT:  I WANT TO KEEP ALL OF THIS --

8     AS FAR AS I'M CONCERNED, THIS IS ONE TROUBLED

9     RELATIONSHIP.

10              THAT'S THE WAY I'M LOOKING AT IT.  I'M

11     TRYING TO LOOK AT IT WITH A BIG PICTURE RATHER THAN

12     BREAK IT UP INTO CONSTITUENT PARTS BECAUSE IT WILL

13     DRIVE ME NUTS IF I DO THAT.

14              SO THANK YOU VERY MUCH.

15              MS. RIDLEY:  THANK YOU, YOUR HONOR.

16              (WHEREUPON, THE PROCEEDINGS IN THIS

17     MATTER WERE CONCLUDED.)

18

19

20

21

22

23

24

25

1    STATE OF CALIFORNIA    )

2                          ) SS:

3    COUNTY OF SANTA CLARA )

4

5          I, THE UNDERSIGNED OFFICIAL COURT

6    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

7    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

8    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

9    CERTIFY:

10          THAT THE FOREGOING TRANSCRIPT,

11   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

12   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

13   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

14   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

15   TRANSCRIPTION TO THE BEST OF MY ABILITY.

16

17   {_____}

18      SUMMER A. CLANTON

19      OFFICIAL REPORTER, CSR NO. 13185

20

21

22

23

24

25

                                                        17

# EXHIBIT B

1 | **FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2 | TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

3 | LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4 | SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Petitioners Stanford Hospital & Clinics
5 | and Lucile Packard Children's Hospital

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12 | **STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL**

Case No: **5:07-CV-05158-JF**

13

14 | Petitioners,

v.

**NOTICE OF DEPOSITION OF BRUCE W. SMITH**

15

16 | **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715**

17 | Respondent.

18 | Judge: **Hon. Jeremy Fogel**

19

20 | TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21 | YOU ARE HEREBY NOTIFIED THAT: the deposition of Bruce W. Smith, alleged

22 | trustee for Service Employees International Union, Local 715, a party to this action, will be taken

23 | stenographically and recorded on audiotape and videotape by petitioners Stanford Hospital &

24 | Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner LLP, 975

25 | Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Thursday, June 26,

26 | 2008.

27 | ///

28 | ///

NOTICE OF DEPOSITION OF BRUCE W. SMITH
CASE NO. 5:07-CV-05158-JF

1    So far as known to the deposing party, the deponent's alleged business address and

2    telephone number are as follows:

3        2302 Zanker Road

4        San Jose, CA, 95131

5        408.594.8715

6    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

7    served is shown on the accompanying Proof of Service.

8

9

10   Dated:  June 10, 2008                    FOLEY & LARDNER LLP
                                              LAURENCE R. ARNOLD
11                                            EILEEN R RIDLEY
                                              SCOTT P. INCIARDI
12

13

14                                  By: _____
                                              EILEEN R. RIDLEY
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        2
                   NOTICE OF DEPOSITION OF BRUCE W. SMITH
                          CASE NO. 5:07-CV-05158-JF

SFCA_1406860.1

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF BRUCE W. SMITH, Case No. 5:07-CV-05158-JF,** on the interested parties in this action as follows:

✓    BY THE FOLLOWING MEANS:
        I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA 94501-1091
(510) 337-1023

✓    BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

        ✓    I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express: collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business. I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓    Executed on **June 13, 2008**, at **San Francisco, California**.

✓        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

✓        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Susan E. Yardley

# EXHIBIT C

1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
   FACSIMILE:     415.434.4507

3  LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for Respondents and Counter-Petitioners
5  Stanford Hospital & Clinics and
   Lucile Packard Children's Hospital

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  **SERVICE EMPLOYEES**                    Case No:  5:08-CV-00213-JF
    **INTERNATIONAL UNION, LOCAL 715,**

13           **Petitioner and Counter-**
                   **Respondent,**
14
                                              **NOTICE OF DEPOSITION OF**
15       v.                                   **BRUCE W. SMITH**

    **STANFORD HOSPITAL & CLINICS and**
16  **LUCILE PACKARD CHILDREN'S**
    **HOSPITAL,**
17
            **Respondents and Counter-**
18                  **Petitioners.**
                                              **Judge: Hon. Jeremy Fogel**
19

20       TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21       YOU ARE HEREBY NOTIFIED THAT: the deposition of Bruce W. Smith, alleged

22  trustee for Service Employees International Union, Local 715, a party to this action, will be taken

23  stenographically and recorded on audiotape and videotape by respondents and counter-

24  petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital at the law offices

25  of Foley & Lardner LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00

26  AM on Thursday, June 26, 2008.

27  ///

28  ///

1    So far as known to the deposing party, the deponent's alleged business address and

2  telephone number are as follows:

3         2302 Zanker Road

4         San Jose, CA, 95131

5         408.594.8715

6    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

7  served is shown on the accompanying Proof of Service.

8

9

10  Dated: June 10, 2008                    FOLEY & LARDNER LLP
                                            LAURENCE R. ARNOLD
                                            EILEEN R RIDLEY
11                                          SCOTT P. INCIARDI

12

13

14                                  By: _____
                                        EILEEN R. RIDLEY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                           **PROOF OF SERVICE**

2 I am employed in the **County of San Francisco, State of California**.  I am over the age
of 18 and not a party to this action; my current business address is **One Maritime Plaza,**
3 **Sixth Floor, San Francisco, CA 94111-3409**.

4 On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF**
**DEPOSITION OF BRUCE W. SMITH, Case No. 5:08-CV-00213-JF**, on the
5 interested parties in this action as follows:

6   ✓       BY THE FOLLOWING MEANS:
           I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8 William Sokol, Esq.
W. Daniel Boone, Esq.
9 Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
10 1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
11 (510) 337-1023

12

13   ✓       BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14         ✓      I am readily familiar with the firm's practice for collection and processing
              of correspondence for delivery by Federal Express:  collected packages are
15               picked up by an express carrier representative on the same day, with the
              Airbill listing the account number for billing to sender, at **San Francisco,**
16               **California**, in the ordinary course of business.  I placed the envelope(s) in
              an envelope or package designated by the express service carrier for
17               collection and processing for express service delivery on the above date
              following ordinary business practices.
18

19   ✓    Executed on **June 13, 2008**, at **San Francisco, California**.

20   ✓       I declare under penalty of perjury under the laws of the State of California
          that the above is true and correct.
21   ✓       I declare that I am employed in the office of a member of the bar of this
          court at whose direction the service was made.

22

23                                 _[signature]_
24                            /Susan E. Yardley

25

26

27

28

# EXHIBIT D

1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
   FACSIMILE:     415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for Respondents Stanford Hospital & Clinics
5  and Lucile Packard Children's Hospital

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12 **SERVICE EMPLOYEES**                  Case No:  5:08-CV-00215-JF
   **INTERNATIONAL UNION, LOCAL 715,**

13            Petitioner,

14       vs.                              **NOTICE OF DEPOSITION OF
                                          BRUCE W. SMITH**
15 **STANFORD HOSPITAL AND CLINICS
   AND LUCILE PACKARD CHILDREN'S**
16 **HOSPITAL,**

17        Respondents.                    Judge:        Hon. Jeremy Fogel

18

19       TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

20       YOU ARE HEREBY NOTIFIED THAT: the deposition of Bruce W. Smith, alleged

21 trustee for Service Employees International Union, Local 715, a party to this action, will be taken

22 stenographically and recorded on audiotape and videotape by respondents Stanford Hospital &

23 Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner LLP, 975

24 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Thursday, June 26,

25 2008.

26 ///

27 ///

28

---

SFCA_1406821.1

1    So far as known to the deposing party, the deponent's alleged business address and

2  telephone number are as follows:

3         2302 Zanker Road

4         San Jose, CA, 95131

5         408.594.8715

6    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

7  served is shown on the accompanying Proof of Service.

8

9

Dated:  June 10, 2008                    FOLEY & LARDNER LLP
10                                         LAURENCE R. ARNOLD
                                           EILEEN R RIDLEY
11                                         SCOTT P. INCIARDI

12

13

14                                    By: _____
                                          EILEEN R. RIDLEY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

SFCA_1406821.1

1

## PROOF OF SERVICE

2   I am employed in the **County of San Francisco, State of California**.  I am over the age
3   of 18 and not a party to this action; my current business address is **One Maritime Plaza,
    Sixth Floor, San Francisco, CA 94111-3409**.

4   On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF
    DEPOSITION OF BRUCE W. SMITH, Case No. 5:08-CV-00215-JF,** on the
5   interested parties in this action as follows:

6   ✓        BY THE FOLLOWING MEANS:
            I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8   William Sokol, Esq.
    W. Daniel Boone, Esq.
9   Bruce A. Harland, Esq.
    Weinberg, Roger & Rosenfeld
10  1001 Marina Village Pkwy, Suite 200
    Alameda, CA  94501-1091
11  (510) 337-1023

12

13  ✓        BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14          ✓        I am readily familiar with the firm's practice for collection and processing
                    of correspondence for delivery by Federal Express:  collected packages are
15                  picked up by an express carrier representative on the same day, with the
                    Airbill listing the account number for billing to sender, at **San Francisco,
16                  California,** in the ordinary course of business.  I placed the envelope(s) in
                    an envelope or package designated by the express service carrier for
17                  collection and processing for express service delivery on the above date
                    following ordinary business practices.
18

19  ✓     Executed on **June 13, 2008**, at **San Francisco, California**.

20  ✓        I declare under penalty of perjury under the laws of the State of California
            that the above is true and correct.
21  ✓        I declare that I am employed in the office of a member of the bar of this
            court at whose direction the service was made.

22

23

24  _____
    Susan E. Yardley

25

26

27

28

# EXHIBIT E

1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
   FACSIMILE:    415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for Respondents Stanford Hospital & Clinics
5  and Lucile Packard Children's Hospital

6

7

8               **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  **SERVICE EMPLOYEES**               Case No:  **5:08-CV-00216-JF**
    **INTERNATIONAL UNION, LOCAL 715,**
13
                **Petitioner,**
14
        **vs.**                        **NOTICE OF DEPOSITION OF**
15                                      **BRUCE W. SMITH**
    **STANFORD HOSPITAL AND CLINICS**
16  **AND LUCILE PACKARD CHILDREN'S**
    **HOSPITAL,**
17
                **Respondents.**        **Judge:        Hon. Jeremy Fogel**
18

19

20       TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21       YOU ARE HEREBY NOTIFIED THAT: the deposition of Bruce W. Smith, alleged

22  trustee for Service Employees International Union, Local 715, a party to this action, will be taken

23  stenographically and recorded on audiotape and videotape by respondents Stanford Hospital &

24  Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner LLP, 975

25  Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Thursday, June 26,

26  2008.

27  ///

28  ///

---

SFCA_1384604.1

1    So far as known to the deposing party, the deponent's alleged business address and

2    telephone number are as follows:

3         2302 Zanker Road

4         San Jose, CA, 95131

5         408.594.8715

6    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

7    served is shown on the accompanying Proof of Service.

8

9

10   Dated: June 10, 2008                    FOLEY & LARDNER LLP
                                             LAURENCE R. ARNOLD
11                                           EILEEN R RIDLEY
                                             SCOTT P. INCIARDI
12

13

14                                     By: _____
                                           EILEEN R. RIDLEY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2
                    NOTICE OF DEPOSITION OF BRUCE W. SMITH
                          CASE NO: 5:08-CV-00216-JF

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF BRUCE W. SMITH, Case No. 5:08-CV-00216-JF**, on the interested parties in this action as follows:

✓      BY THE FOLLOWING MEANS:
        I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:


William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA 94501-1091
(510) 337-1023


✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

        ✓      I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express: collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business. I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓      Executed on **June 13, 2008**, at **San Francisco, California**.

✓      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

✓      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


_____
Susan E. Yardley

# EXHIBIT F

1    **FOLEY & LARDNER LLP**
     ONE MARITIME PLAZA, SIXTH FLOOR
     SAN FRANCISCO, CA 94111-3409
2    TELEPHONE:    415.434.4484
     FACSIMILE:    415.434.4507
3
     LAURENCE R. ARNOLD, CA BAR NO. 133715
     EILEEN R. RIDLEY, CA BAR NO. 151735
4    SCOTT P. INCIARDI, CA BAR NO. 228814
     Attorneys for Respondents Stanford Hospital & Clinics
5    and Lucile Packard Children's Hospital

6

7

8                    **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12   **SERVICE EMPLOYEES**                     Case No:  **5:08-CV-01726-JF**
     **INTERNATIONAL UNION, LOCAL 715,**
13
                  **Petitioner,**
14
            **vs.**                            **NOTICE OF DEPOSITION OF**
15                                             **BRUCE W. SMITH**
     **STANFORD HOSPITAL AND CLINICS**
16   **AND LUCILE PACKARD CHILDREN'S**
     **HOSPITAL,**
17
                  **Respondents.**            **Judge:        Hon. Jeremy Fogel**
18

19

20          TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21          YOU ARE HEREBY NOTIFIED THAT: the deposition of Bruce W. Smith, alleged

22   trustee for Service Employees International Union, Local 715, a party to this action, will be taken

23   stenographically and recorded on audiotape and videotape by respondents Stanford Hospital &

24   Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner LLP, 975

25   Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Thursday, June 26,

26   2008.

27   ///

28   ///

---

NOTICE OF DEPOSITION OF BRUCE W. SMITH
CASE NO:  5:08-CV-01726-JF

SFCA_1406829.1

1       So far as known to the deposing party, the deponent's alleged business address and

2   telephone number are as follows:

3           2302 Zanker Road

4           San Jose, CA, 95131

5           408.594.8715

6       A list of all parties or attorneys for parties on whom this Notice of Deposition is being

7   served is shown on the accompanying Proof of Service.

8

9

10  Dated:  June 10, 2008           FOLEY & LARDNER LLP
                           LAURENCE R. ARNOLD

11                             EILEEN R RIDLEY
                           SCOTT P. INCIARDI

12

13

14                      By: _____
                            EILEEN R. RIDLEY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF BRUCE W. SMITH
CASE NO:  5:08-CV-01726-JF

SFCA_1406829.1

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California**.  I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF BRUCE W. SMITH, Case No. 5:08-CV-01726-JF**, on the interested parties in this action as follows:

✓      BY THE FOLLOWING MEANS:
         I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
(510) 337-1023

✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

     ✓      I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express:  collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business.  I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓      Executed on **June 13, 2008**, at **San Francisco, California**.

✓      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

✓      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Susan E. Yardley

# EXHIBIT G

1   **FOLEY & LARDNER LLP**
    ONE MARITIME PLAZA, SIXTH FLOOR
    SAN FRANCISCO, CA 94111-3409
2   TELEPHONE:    415.434.4484
    FACSIMILE:    415.434.4507

3   LAURENCE R. ARNOLD, CA BAR NO. 133715
    EILEEN R. RIDLEY, CA BAR NO. 151735
4   SCOTT P. INCIARDI, CA BAR NO. 228814
    Attorneys for Respondents Stanford Hospital & Clinics
5   and Lucile Packard Children's Hospital

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12   **SERVICE EMPLOYEES**               Case No:  **5:08-CV-01727-JF**
     **INTERNATIONAL UNION, LOCAL 715,**

13              Petitioner,

14        vs.                            **NOTICE OF DEPOSITION OF**
                                         **BRUCE W. SMITH**
15   **STANFORD HOSPITAL AND CLINICS**
     **AND LUCILE PACKARD CHILDREN'S**
16   **HOSPITAL,**

17              **Respondents.**          **Judge:**        **Hon. Jeremy Fogel**

18

19

20        TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21        YOU ARE HEREBY NOTIFIED THAT: the deposition of Bruce W. Smith, alleged

22   trustee for Service Employees International Union, Local 715, a party to this action, will be taken

23   stenographically and recorded on audiotape and videotape by respondents Stanford Hospital &

24   Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner LLP, 975

25   Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Thursday, June 26,

26   2008.

27   ///

28   ///

SFCA_1406836.1

1    So far as known to the deposing party, the deponent's alleged business address and

2  telephone number are as follows:

3         2302 Zanker Road

4         San Jose, CA, 95131

5         408.594.8715

6    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

7  served is shown on the accompanying Proof of Service.

8

9

Dated: June 10, 2008                    FOLEY & LARDNER LLP
10                                       LAURENCE R. ARNOLD
                                         EILEEN R RIDLEY
11                                       SCOTT P. INCIARDI

12

13

14                              By: _____
                                    EILEEN R. RIDLEY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

SFCA_1406836.1

1

## PROOF OF SERVICE

2   I am employed in the **County of San Francisco, State of California**.  I am over the age
    of 18 and not a party to this action; my current business address is **One Maritime Plaza,**
3   **Sixth Floor, San Francisco, CA 94111-3409**.

4   On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF**
    **DEPOSITION OF BRUCE W. SMITH, Case No. 5:08-CV-01727-JF**, on the
5   interested parties in this action as follows:

6   ✓      BY THE FOLLOWING MEANS:
               I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8   William Sokol, Esq.
    W. Daniel Boone, Esq.
9   Bruce A. Harland, Esq.
    Weinberg, Roger & Rosenfeld
10  1001 Marina Village Pkwy, Suite 200
    Alameda, CA  94501-1091
11  (510) 337-1023

12

13  ✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14         ✓      I am readily familiar with the firm's practice for collection and processing
                  of correspondence for delivery by Federal Express:  collected packages are
15                picked up by an express carrier representative on the same day, with the
                  Airbill listing the account number for billing to sender, at **San Francisco,**
16                **California**, in the ordinary course of business.  I placed the envelope(s) in
                  an envelope or package designated by the express service carrier for
17                collection and processing for express service delivery on the above date
                  following ordinary business practices.
18

19  ✓      Executed on **June 13, 2008**, at **San Francisco, California**.

20  ✓              I declare under penalty of perjury under the laws of the State of California
                  that the above is true and correct.
21  ✓              I declare that I am employed in the office of a member of the bar of this
                  court at whose direction the service was made.

22

23                                      _Susan E. Yardley_
                                        Susan E. Yardley
24

25

26

27

28

# EXHIBIT H

1   **FOLEY & LARDNER LLP**
    ONE MARITIME PLAZA, SIXTH FLOOR
    SAN FRANCISCO, CA 94111-3409
2   TELEPHONE:    415.434.4484
    FACSIMILE:    415.434.4507
3
    LAURENCE R. ARNOLD, CA BAR NO. 133715
    EILEEN R. RIDLEY, CA BAR NO. 151735
4   SCOTT P. INCIARDI, CA BAR NO. 228814
    Attorneys for Petitioners Stanford Hospital & Clinics
5   and Lucile Packard Children's Hospital

6

7

8                        **UNITED STATES DISTRICT COURT**

9                       **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  **STANFORD HOSPITAL & CLINICS and**        Case No:  **5:07-CV-05158-JF**
    **LUCILE PACKARD CHILDREN'S**
13  **HOSPITAL**

14             **Petitioners,**

                                                **NOTICE OF DEPOSITION OF**
15        **v.**                                **MYRIAM ESCAMILLA**

16  **SERVICE EMPLOYEES**
    **INTERNATIONAL UNION, LOCAL 715**
17
             **Respondent.**
18
                                                **Judge:  Hon. Jeremy Fogel**
19

20        TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21        YOU ARE HEREBY NOTIFIED THAT: the deposition of Myriam Escamilla will be

22  taken stenographically and recorded on audiotape and videotape by petitioners Stanford Hospital

23  & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner LLP,

24  975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Wednesday, July

25  2, 2008.

26  ///

27  ///

28  ///

---

NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA
CASE NO. 5:07-CV-05158-JF

SFCA_1406890.1

1    YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2  far as known to the deposing party, the deponent's alleged business address and telephone

3  number are as follows:

4    2302 Zanker Road

5    San Jose, CA, 95131

6    408.594.8715

7    Said deponent has been served with a deposition subpoena.  A copy of the deposition

8  subpoena is attached hereto and served herewith.

9    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10  served is shown on the accompanying Proof of Service.

11

12  Dated:  June 10, 2008                    FOLEY & LARDNER LLP
                                          LAURENCE R. ARNOLD
13                                        EILEEN R RIDLEY
                                          SCOTT P. INCIARDI
14

15

16    By: _____

17              EILEEN R. RIDLEY

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA
CASE NO. 5:07-CV-05158-JF

SFCA_1406890.1

1  **PROOF OF SERVICE**

2  I am employed in the **County of San Francisco, State of California**. I am over the age
of 18 and not a party to this action; my current business address is **One Maritime Plaza,
3  Sixth Floor, San Francisco, CA 94111-3409.**

4  On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF
DEPOSITION OF MYRIAM ESCAMILLA, Case No. 5:07-CV-05158-JF,** on the
5  interested parties in this action as follows:

6  ✓    BY THE FOLLOWING MEANS:
         I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8  William Sokol, Esq.
   W. Daniel Boone, Esq.
9  Bruce A. Harland, Esq.
   Weinberg, Roger & Rosenfeld
10 1001 Marina Village Pkwy, Suite 200
   Alameda, CA  94501-1091
11 (510) 337-1023

12

13 ✓    BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14     ✓    I am readily familiar with the firm's practice for collection and processing
            of correspondence for delivery by Federal Express:  collected packages are
15          picked up by an express carrier representative on the same day, with the
            Airbill listing the account number for billing to sender, at **San Francisco,**
16          **California**, in the ordinary course of business.  I placed the envelope(s) in
            an envelope or package designated by the express service carrier for
17          collection and processing for express service delivery on the above date
            following ordinary business practices.
18

19 ✓    Executed on **June 13, 2008**, at **San Francisco, California**.

20 ✓         I declare under penalty of perjury under the laws of the State of California
            that the above is true and correct.
   ✓         I declare that I am employed in the office of a member of the bar of this
21          court at whose direction the service was made.

22

23

24                                          /Susan E. Yardley

25

26

27

28

# EXHIBIT I

1

**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409

2

TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

3

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735

4

SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents and Counter-Petitioners

5

Stanford Hospital & Clinics and
Lucile Packard Children's Hospital

6

7

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11

12

**SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,**

Case No:  5:08-CV-00213-JF

13

**Petitioner and Counter-Respondent,**

14

15

v.

**NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA**

16

**STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,**

17

18

**Respondents and Counter-Petitioners.**

19

**Judge: Hon Jeremy Fogel**

20

TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21

YOU ARE HEREBY NOTIFIED THAT: the deposition of Myriam Escamilla will be

22

taken stenographically and recorded on audiotape and videotape by respondents and counter-

23

petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital at the law offices

24

of Foley & Lardner LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00

25

AM on Wednesday, July 2, 2008.

26

///

27

///

28

///

SFCA_1406854.1

1      YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2  far as known to the deposing party, the deponent's alleged business address and telephone

3  number are as follows:

4          2302 Zanker Road

5          San Jose, CA, 95131

6          408.594.8715

7      Said deponent has been served with a deposition subpoena.  A copy of the deposition

8  subpoena is attached hereto and served herewith.

9      A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10  served is shown on the accompanying Proof of Service.

11

12  Dated:  June 10, 2008           FOLEY & LARDNER LLP
                        LAURENCE R. ARNOLD

13                          EILEEN R RIDLEY
                        SCOTT P. INCIARDI

14

15

16                        By: _____

17                           EILEEN R. RIDLEY

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA
CASE NO:  5:08-CV-00213-JF

SFCA_1406854.1

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California**.  I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, Case No. 5:08-CV-00213-JF**, on the interested parties in this action as follows:

✓     BY THE FOLLOWING MEANS:
       I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
(510) 337-1023

✓     BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

     ✓     I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express:  collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business.  I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓     Executed on **June 13, 2008**, at **San Francisco, California**.

✓     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

✓     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Susan E. Yardley

# EXHIBIT J

1    **FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2    TELEPHONE:   415.434.4484
FACSIMILE:   415.434.4507

3    LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4    SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents Stanford Hospital & Clinics
5    and Lucile Packard Children's Hospital

6

7

8                  **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12    **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,**      **Case No: 5:08-CV-00215-JF**

13

14            **Petitioner,**

15       **vs.**                            **NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA**

**STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL,**

17          **Respondents.**        **Judge:**      **Hon. Jeremy Fogel**

18

19

20        TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21        YOU ARE HEREBY NOTIFIED THAT: the deposition of Myriam Escamilla will be

22 taken stenographically and recorded on audiotape and videotape by respondents Stanford

23 Hospital & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner

24 LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on

25 Wednesday, July 2, 2008.

26 ///

27 ///

28 ///

SFCA_1406825.1

1        YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2    far as known to the deposing party, the deponent's alleged business address and telephone

3    number are as follows:

4            2302 Zanker Road

5            San Jose, CA, 95131

6            408.594.8715

7        Said deponent has been served with a deposition subpoena.  A copy of the deposition

8    subpoena is attached hereto and served herewith.

9        A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10   served is shown on the accompanying Proof of Service.

11

12   Dated:  June 10, 2008            FOLEY & LARDNER LLP
                                             LAURENCE R. ARNOLD

13                                              EILEEN R RIDLEY
                                         SCOTT P. INCIARDI

14

15

16                     By: _____
                            EILEEN R. RIDLEY

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA
CASE NO:  5:08-CV-00215-JF

SFCA_1406825.1

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California**.  I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, Case No. 5:08-CV-00215-JF**, on the interested parties in this action as follows:

✓     BY THE FOLLOWING MEANS:
         I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
(510) 337-1023

✓     BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

     ✓     I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express:  collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business.  I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓     Executed on **June 13, 2008**, at **San Francisco, California**.

✓     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

✓     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Susan E. Yardley

# EXHIBIT K

1   **FOLEY & LARDNER LLP**
    ONE MARITIME PLAZA, SIXTH FLOOR
    SAN FRANCISCO, CA 94111-3409
2   TELEPHONE:    415.434.4484
    FACSIMILE:    415.434.4507
3
    LAURENCE R. ARNOLD, CA BAR NO. 133715
    EILEEN R. RIDLEY, CA BAR NO. 151735
4   SCOTT P. INCIARDI, CA BAR NO. 228814
    Attorneys for Respondents Stanford Hospital & Clinics
5   and Lucile Packard Children's Hospital

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12   **SERVICE EMPLOYEES**              Case No:  **5:08-CV-00216-JF**
     **INTERNATIONAL UNION, LOCAL 715,**

13            **Petitioner,**

14       **vs.**                         **NOTICE OF DEPOSITION OF**
                                         **MYRIAM ESCAMILLA**
15   **STANFORD HOSPITAL AND CLINICS**
     **AND LUCILE PACKARD CHILDREN'S**
16   **HOSPITAL,**

17            **Respondents.**           **Judge:**        **Hon. Jeremy Fogel**

18

19

20        TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21        YOU ARE HEREBY NOTIFIED THAT: the deposition of Myriam Escamilla will be

     taken stenographically and recorded on audiotape and videotape by respondents Stanford
22
     Hospital & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner
23
     LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on
24
     Wednesday, July 2, 2008.
25
     ///
26
     ///
27
     ///
28

---

NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA
CASE NO:  5:08-CV-00216-JF

1        YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2  far as known to the deposing party, the deponent's alleged business address and telephone

3  number are as follows:

4            2302 Zanker Road

5            San Jose, CA, 95131

6            408.594.8715

7        Said deponent has been served with a deposition subpoena.  A copy of the deposition

8  subpoena is attached hereto and served herewith.

9        A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10  served is shown on the accompanying Proof of Service.

11

12  Dated:  June 10, 2008            FOLEY & LARDNER LLP
                                  LAURENCE R. ARNOLD

13                                  EILEEN R RIDLEY
                                  SCOTT P. INCIARDI

14

15

16                       By: _____

17                           EILEEN R. RIDLEY

18

19

20

21

22

23

24

25

26

27

28

SFCA_1384648.1

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California.** I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409.**

On **June 13, 2008,** I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, Case No. 5:08-CV-00216-JF,** on the interested parties in this action as follows:

✓      BY THE FOLLOWING MEANS:
        I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:


William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
(510) 337-1023


✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

        ✓      I am readily familiar with the firm's practice for collection and processing
               of correspondence for delivery by Federal Express:  collected packages are
               picked up by an express carrier representative on the same day, with the
               Airbill listing the account number for billing to sender, at **San Francisco,
               California,** in the ordinary course of business.  I placed the envelope(s) in
               an envelope or package designated by the express service carrier for
               collection and processing for express service delivery on the above date
               following ordinary business practices.

✓      Executed on **June 13, 2008,** at **San Francisco, California.**

        ✓      I declare under penalty of perjury under the laws of the State of California
               that the above is true and correct.
        ✓      I declare that I am employed in the office of a member of the bar of this
               court at whose direction the service was made.


_Susan E. Yardley_
Susan E. Yardley

# EXHIBIT L

1  **FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

3  LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814

Attorneys for Respondents Stanford Hospital & Clinics
5  and Lucile Packard Children's Hospital

6

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,** | Case No:  **5-08-CV-01726-JF** |
| Petitioner, | |
| vs. | **NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA** |
| **STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL,** | |
| Respondents. | **Judge:        Hon. Jeremy Fogel** |

19

20  TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

YOU ARE HEREBY NOTIFIED THAT: the deposition of Myriam Escamilla will be

22  taken stenographically and recorded on audiotape and videotape by respondents Stanford

Hospital & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner

24  LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on

Wednesday, July 2, 2008.

25  ///

26  ///

27  ///

28

NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA
CASE NO:  5:08-CV-01726-JF

1        YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2    far as known to the deposing party, the deponent's alleged business address and telephone

3    number are as follows:

4            2302 Zanker Road

5            San Jose, CA, 95131

6            408.594.8715

7        Said deponent has been served with a deposition subpoena.  A copy of the deposition

8    subpoena is attached hereto and served herewith.

9        A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10   served is shown on the accompanying Proof of Service.

11

12   Dated: June 10, 2008             FOLEY & LARDNER LLP
                                            LAURENCE R. ARNOLD

13                                          EILEEN R RIDLEY
                                            SCOTT P. INCIARDI

14

15

16                               By: _____
                                     EILEEN R. RIDLEY

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA
CASE NO:  5:08-CV-01726-JF

SFCA_1406833.1

1

**PROOF OF SERVICE**

2

I am employed in the **County of San Francisco, State of California.** I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409.**

3

4

On **June 13, 2008,** I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, Case No. 5:08-CV-01726-JF,** on the interested parties in this action as follows:

5

6

✓     BY THE FOLLOWING MEANS:
     I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

7

8

William Sokol, Esq.
W. Daniel Boone, Esq.

9

Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld

10

1001 Marina Village Pkwy, Suite 200
Alameda, CA 94501-1091

11

(510) 337-1023

12

13

✓     BY EXPRESS SERVICE CARRIER **(Via Overnight Courier Service)**

14

     ✓     I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express: collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California,** in the ordinary course of business. I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

15

16

17

18

19

✓     Executed on **June 13, 2008,** at **San Francisco, California.**

20

✓     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

✓     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

23

24

Susan E. Yardley

25

26

27

28

# EXHIBIT M

1

**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409

2
TELEPHONE:     415.434.4484
FACSIMILE:     415.434.4507

3

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735

4
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents Stanford Hospital & Clinics

5
and Lucile Packard Children's Hospital

6

7

8
## UNITED STATES DISTRICT COURT

9
## NORTHERN DISTRICT OF CALIFORNIA

10

11

12
**SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,**

Case No:  **5:08-CV-01727-JF**

13
Petitioner,

14
vs.

**NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA**

15
**STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S**

16
**HOSPITAL,**

17
Respondents.

Judge:        Hon. Jeremy Fogel

18

19

20
TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

YOU ARE HEREBY NOTIFIED THAT: the deposition of Myriam Escamilla will be

21

22
taken stenographically and recorded on audiotape and videotape by respondents Stanford

23
Hospital & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner

24
LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on

25
Wednesday, July 2, 2008.

26
///

27
///

28
///

SFCA_1406840.1

1       YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2   far as known to the deposing party, the deponent's alleged business address and telephone

3   number are as follows:

4           2302 Zanker Road

5           San Jose, CA, 95131

6           408.594.8715

7       Said deponent has been served with a deposition subpoena.  A copy of the deposition

8   subpoena is attached hereto and served herewith.

9       A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10  served is shown on the accompanying Proof of Service.

11

12  Dated:  June 10, 2008              FOLEY & LARDNER LLP
                                     LAURENCE R. ARNOLD

13                                   EILEEN R RIDLEY
                                     SCOTT P. INCIARDI

14

15

16                          By:                              
                                    EILEEN R. RIDLEY

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA
CASE NO:  5:08-CV-01727-JF

SFCA_1406840.1

1

**PROOF OF SERVICE**

2  I am employed in the **County of San Francisco, State of California**.  I am over the age
3  of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409.**

4  On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, Case No. 5:08-CV-01727-JF,** on the
5  interested parties in this action as follows:

6  ✓     BY THE FOLLOWING MEANS:
        I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8  William Sokol, Esq.
   W. Daniel Boone, Esq.
9  Bruce A. Harland, Esq.
   Weinberg, Roger & Rosenfeld
10 1001 Marina Village Pkwy, Suite 200
   Alameda, CA  94501-1091
11 (510) 337-1023

12

13 ✓     BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14     ✓     I am readily familiar with the firm's practice for collection and processing
             of correspondence for delivery by Federal Express:  collected packages are
15           picked up by an express carrier representative on the same day, with the
             Airbill listing the account number for billing to sender, at **San Francisco,**
16           **California**, in the ordinary course of business.  I placed the envelope(s) in
             an envelope or package designated by the express service carrier for
17           collection and processing for express service delivery on the above date
             following ordinary business practices.

18 ✓     Executed on **June 13, 2008**, at **San Francisco, California**.
19

20 ✓     I declare under penalty of perjury under the laws of the State of California
         that the above is true and correct.
21 ✓     I declare that I am employed in the office of a member of the bar of this
         court at whose direction the service was made.

22

23

24 Susan E. Yardley

25

26

27

28

# EXHIBIT N

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY                    (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for:** PETITIONERS<br>Ref: 3022954 | |
| | **CASE #: 5:07-CV-05158-JF** |
| **DECLARATION OF DUE DILIGENCE** | |

I, ISMAEL VELASCO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto.  I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**         **2302 ZANKER ROAD, SAN JOSE, CA 95131**

06-16-08 AT 1:00PM         PER THE RECEPTIONIST THE SUBJECT HAS BOT WORKED HERE FOR TWO YEARS. THE RECEPTIONIST HAS A PHONE NUMBER FOR THE SUBJECT AND BELIEVES SHE WORKS SOMEWHERE IN OAKLAND, CA (510) 869-2264

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**         **Signature:** _____

ISMAEL VELASCO

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |

| **ATTORNEY (S) NAME & ADDRESS** | |
|---|---|
| EILEEN R. RIDLEY                    (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for:** PETITIONERS<br>Ref: 3022954 | |

**CASE #: 5:07-CV-05158-JF**

### DECLARATION OF DUE DILIGENCE

I, CARLOS CASTRO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.
On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**          **288 3RD STREET, UNIT 217, OAKLAND, CA 94607**

| | |
|---|---|
| 06-16-08 AT 6:50PM | THIS IS A SECURED APARTMENT BUILDING. THE SUBJECT'S NAME IS LISTED ON THE INTERCOM SYSTEM. I TRIED TO CONTACT THE SUBJECT VIA INTERCOM, BUT THERE WAS NO ANSWER, LEFT A VOICEMAIL FOR THE SUBJECT |
| 06-17-08 AT 7:20AM | NO CHANGES, NO ACTIVITY, NO ACCESS TO APARTMENT |
| 06-17-08 AT 8:15AM | I CALLED AND MADE AN APPOINTMENT TO HAVE THE SUBJECT ACCEPT SERVICE ON JUNE 18, 2008 BEFORE 8AM |
| 06-18-08 AT 8:45AM | THERE WAS NO ANSWER AT THE DOOR, RANG DOORBELL. I WAS INFORMED SHE WILL NOT BE ACCEPTING SERVICE |
| 06-19-08 AT 7:20PM | I CALLED THE SUBJECT ON THE INTERCOM THERE WAS NO ANSWER. SECURED BUILDING |
| 06-21-08 AT 10:10AM | I GAINED ACCESS BY BEING BUZZED INSIDE THE BUILDING, KNOCKED ON THE DOOR, COULD HEAR VOICES INSIDE. NO ANSWER AT THE DOOR OR BY DOORBELL. |
| 06-22-08 AT 6:35PM | GAIN ACCESS TO THE BUILDING, NO ANSWER AT THE DOOR |

**560 THOMAS L. BERKELEY WAY, OAKLAND, CA 94612**

| | |
|---|---|
| 06-19-08 AT 11:10AM | THIS LOCATION IS CALLED "UNITED HEALTHCARE WORKERS WEST", PER EMPLOYEE THEY ACCEPTED SERVICE OF PROCESS ON BEHALF OF PEOPLE HOWEVER IT IS JUST A DROP BOX, NO NAME OR TITLE GIVEN UP THE DROPPING THE DOCUMENTS |
| 06-19-08 AT 11:30AM | I WALKED BACK INSIDE THE BUSINESS AND NOW IT'S A DIFFERENT RECEPTIONIST SITTING AT THE DESK. PER THE RECEPTIONIST THEY WILL NOT BE RESPONSIBLE FOR ANYTHING IF THE DOCUMENTS WERE TO BE DROPPED |
| 06-20-08 AT 1:10PM | PER RECEPTIONIST THEY DO NOT ACCEPT PERSONAL SUBPOENAS |

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**          Signature: _Carlos Cast_

**CARLOS CASTRO**

# EXHIBIT O

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY                                    (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for:** PETITIONERS<br>Ref: 3022959 | |
| **DECLARATION OF DUE DILIGENCE** | **CASE #: 5:08-CV-00213-JF** |

I, ISMAEL VELASCO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**          **2302 ZANKER ROAD, SAN JOSE, CA 95131**

06-16-08 AT 1:00PM          PER THE RECEPTIONIST THE SUBJECT HAS BOT WORKED HERE FOR TWO YEARS. THE RECEPTIONIST HAS A PHONE NUMBER FOR THE SUBJECT AND BELIEVES SHE WORKS SOMEWHERE IN OAKLAND, CA (510) 869-2264

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**          **Signature:** _____

                                        **ISMAEL VELASCO**

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY                    (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for: PETITIONERS**<br>Ref: 3022959 | |
| | **CASE #: 5:08-CV-00213-JF** |

### DECLARATION OF DUE DILIGENCE

I, CARLOS CASTRO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto.  I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**       **288 3RD STREET, UNIT 217, OAKLAND, CA 94607**

| | |
|---|---|
| 06-16-08 AT 6:50PM | THIS IS A SECURED APARTMENT BUILDING. THE SUBJECT'S NAME IS LISTED ON THE INTERCOM SYSTEM. I TRIED TO CONTACT THE SUBJECT VIA INTERCOM, BUT THERE WAS NO ANSWER, LEFT A VOICEMAIL FOR THE SUBJECT |
| 06-17-08 AT 7:20AM | NO CHANGES, NO ACTIVITY, NO ACCESS TO APARTMENT |
| 06-17-08 AT 8:15AM | I CALLED AND MADE AN APPOINTMENT TO HAVE THE SUBJECT ACCEPT SERVICE ON JUNE 18, 2008 BEFORE 8AM |
| 06-18-08 AT 8:45AM | THERE WAS NO ANSWER AT THE DOOR, RANG DOORBELL. I WAS INFORMED SHE WILL NOT BE ACCEPTING SERVICE |
| 06-19-08 AT 7:20PM | I CALLED THE SUBJECT ON THE INTERCOM THERE WAS NO ANSWER. SECURED BUILDING |
| 06-21-08 AT 10:10AM | I GAINED ACCESS BY BEING BUZZED INSIDE THE BUILDING, KNOCKED ON THE DOOR, COULD HEAR VOICES INSIDE. NO ANSWER AT THE DOOR OR BY DOORBELL. |
| 06-22-08 AT 6:35PM | GAIN ACCESS TO THE BUILDING, NO ANSWER AT THE DOOR |

**560 THOMAS L. BERKELEY WAY, OAKLAND, CA 94612**

| | |
|---|---|
| 06-19-08 AT 11:10AM | THIS LOCATION IS CALLED "UNITED HEALTHCARE WORKERS WEST", PER EMPLOYEE THEY ACCEPTED SERVICE OF PROCESS ON BEHALF OF PEOPLE HOWEVER IT IS JUST A DROP BOX, NO NAME OR TITLE GIVEN UP THE DROPPING THE DOCUMENTS |
| 06-19-08 AT 11:30AM | I WALKED BACK INSIDE THE BUSINESS AND NOW IT'S A DIFFERENT RECEPTIONIST SITTING AT THE DESK. PER THE RECEPTIONIST THEY WILL NOT BE RESPONSIBLE FOR ANYTHING IF THE DOCUMENTS WERE TO BE DROPPED |
| 06-20-08 AT 1:10PM | PER RECEPTIONIST THEY DO NOT ACCEPT PERSONAL SUBPOENAS |

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**          Signature: _____

CARLOS CASTRO

# EXHIBIT P

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY                    (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for:** PETITIONERS<br>Ref: 3022958 | |
| **DECLARATION OF DUE DILIGENCE** | **CASE #: 5:08-CV-00215-JF** |

I, ISMAEL VELASCO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto.  I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**        **2302 ZANKER ROAD, SAN JOSE, CA 95131**

06-16-08 AT 1:00PM        PER THE RECEPTIONIST THE SUBJECT HAS BOT WORKED HERE FOR TWO YEARS. THE RECEPTIONIST HAS A PHONE NUMBER FOR THE SUBJECT AND BELIEVES SHE WORKS SOMEWHERE IN OAKLAND, CA (510) 869-2264

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**        Signature: _____

**ISMAEL VELASCO**

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY                         (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for:** PETITIONERS<br>Ref: 3022958 | |
| **DECLARATION OF DUE DILIGENCE** | **CASE #: 5:08-CV-00215-JF** |

I, CARLOS CASTRO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto.  I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**        **288 3RD STREET, UNIT 217, OAKLAND, CA 94607**

| | |
|---|---|
| 06-16-08 AT 6:50PM | THIS IS A SECURED APARTMENT BUILDING. THE SUBJECT'S NAME IS LISTED ON THE INTERCOM SYSTEM. I TRIED TO CONTACT THE SUBJECT VIA INTERCOM, BUT THERE WAS NO ANSWER, LEFT A VOICEMAIL FOR THE SUBJECT |
| 06-17-08 AT 7:20AM | NO CHANGES, NO ACTIVITY, NO ACCESS TO APARTMENT |
| 06-17-08 AT 8:15AM | I CALLED AND MADE AN APPOINTMENT TO HAVE THE SUBJECT ACCEPT SERVICE ON JUNE 18, 2008 BEFORE 8AM |
| 06-18-08 AT 8:45AM | THERE WAS NO ANSWER AT THE DOOR, RANG DOORBELL. I WAS INFORMED SHE WILL NOT BE ACCEPTING SERVICE |
| 06-19-08 AT 7:20PM | I CALLED THE SUBJECT ON THE INTERCOM THERE WAS NO ANSWER. SECURED BUILDING |
| 06-21-08 AT 10:10AM | I GAINED ACCESS BY BEING BUZZED INSIDE THE BUILDING, KNOCKED ON THE DOOR, COULD HEAR VOICES INSIDE. NO ANSWER AT THE DOOR OR BY DOORBELL. |
| 06-22-08 AT 6:35PM | GAIN ACCESS TO THE BUILDING, NO ANSWER AT THE DOOR |

**560 THOMAS L. BERKELEY WAY, OAKLAND, CA 94612**

| | |
|---|---|
| 06-19-08 AT 11:10AM | THIS LOCATION IS CALLED "UNITED HEALTHCARE WORKERS WEST", PER EMPLOYEE THEY ACCEPTED SERVICE OF PROCESS ON BEHALF OF PEOPLE HOWEVER IT IS JUST A DROP BOX, NO NAME OR TITLE GIVEN UP THE DROPPING THE DOCUMENTS |
| 06-19-08 AT 11:30AM | I WALKED BACK INSIDE THE BUSINESS AND NOW IT'S A DIFFERENT RECEPTIONIST SITTING AT THE DESK. PER THE RECEPTIONIST THEY WILL NOT BE RESPONSIBLE FOR ANYTHING IF THE DOCUMENTS WERE TO BE DROPPED |
| 06-20-08 AT 1:10PM | PER RECEPTIONIST THEY DO NOT ACCEPT PERSONAL SUBPOENAS |

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 19, 2008**                    Signature: _____

**CARLOS CASTRO**

# EXHIBIT Q

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY          (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for:** PETITIONERS<br>Ref: 3022957 | |
| **DECLARATION OF DUE DILIGENCE** | **CASE #: 5:08-CV-00216-JF** |

I, ISMAEL VELASCO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**      **2302 ZANKER ROAD, SAN JOSE, CA 95131**

06-16-08 AT 1:00PM      PER THE RECEPTIONIST THE SUBJECT HAS BOT WORKED HERE FOR TWO YEARS. THE RECEPTIONIST HAS A PHONE NUMBER FOR THE SUBJECT AND BELIEVES SHE WORKS SOMEWHERE IN OAKLAND, CA (510) 869-2264

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**      **Signature:** _____

**ISMAEL VELASCO**

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY                          (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>Attorney(s) for: PETITIONERS<br>Ref: 3022957 | |
| **DECLARATION OF DUE DILIGENCE** | **CASE #: 5:08-CV-00216-JF** |

I, CARLOS CASTRO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**          **288 3RD STREET, UNIT 217, OAKLAND, CA 94607**

| | |
|---|---|
| 06-16-08 AT 6:50PM | THIS IS A SECURED APARTMENT BUILDING. THE SUBJECT'S NAME IS LISTED ON THE INTERCOM SYSTEM. I TRIED TO CONTACT THE SUBJECT VIA INTERCOM, BUT THERE WAS NO ANSWER, LEFT A VOICEMAIL FOR THE SUBJECT |
| 06-17-08 AT 7:20AM | NO CHANGES, NO ACTIVITY, NO ACCESS TO APARTMENT |
| 06-17-08 AT 8:15AM | I CALLED AND MADE AN APPOINTMENT TO HAVE THE SUBJECT ACCEPT SERVICE ON JUNE 18, 2008 BEFORE 8AM |
| 06-18-08 AT 8:45AM | THERE WAS NO ANSWER AT THE DOOR, RANG DOORBELL. I WAS INFORMED SHE WILL NOT BE ACCEPTING SERVICE |
| 06-19-08 AT 7:20PM | I CALLED THE SUBJECT ON THE INTERCOM THERE WAS NO ANSWER. SECURED BUILDING |
| 06-21-08 AT 10:10AM | I GAINED ACCESS BY BEING BUZZED INSIDE THE BUILDING, KNOCKED ON THE DOOR, COULD HEAR VOICES INSIDE. NO ANSWER AT THE DOOR OR BY DOORBELL. |
| 06-22-08 AT 6:35PM | GAIN ACCESS TO THE BUILDING, NO ANSWER AT THE DOOR |

**560 THOMAS L. BERKELEY WAY, OAKLAND, CA 94612**

| | |
|---|---|
| 06-19-08 AT 11:10AM | THIS LOCATION IS CALLED "UNITED HEALTHCARE WORKERS WEST", PER EMPLOYEE THEY ACCEPTED SERVICE OF PROCESS ON BEHALF OF PEOPLE HOWEVER IT IS JUST A DROP BOX, NO NAME OR TITLE GIVEN UP THE DROPPING THE DOCUMENTS |
| 06-19-08 AT 11:30AM | I WALKED BACK INSIDE THE BUSINESS AND NOW IT'S A DIFFERENT RECEPTIONIST SITTING AT THE DESK. PER THE RECEPTIONIST THEY WILL NOT BE RESPONSIBLE FOR ANYTHING IF THE DOCUMENTS WERE TO BE DROPPED |
| 06-20-08 AT 1:10PM | PER RECEPTIONIST THEY DO NOT ACCEPT PERSONAL SUBPOENAS |

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**          Signature: _____

                                             **CARLOS CASTRO**

# EXHIBIT R

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY                    (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for: PETITIONERS**<br>Ref: 3022956 | |
| **DECLARATION OF DUE DILIGENCE** | **CASE #: 5:08-CV-01726-JF** |

I, ISMAEL VELASCO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**        **2302 ZANKER ROAD, SAN JOSE, CA 95131**

06-16-08 AT 1:00PM        PER THE RECEPTIONIST THE SUBJECT HAS BOT WORKED HERE FOR TWO YEARS. THE RECEPTIONIST HAS A PHONE NUMBER FOR THE SUBJECT AND BELIEVES SHE WORKS SOMEWHERE IN OAKLAND, CA (510) 869-2264

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**        Signature: _____

**ISMAEL VELASCO**

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|

| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
|---|---|

**ATTORNEY (S) NAME & ADDRESS**
EILEEN R. RIDLEY                    (415) 434-4484
FOLEY & LARDNER LLP
ONE MARITIME PLAZA
SAN FRANCISCO, CA 94111
Attorney(s) for: PETITIONERS
Ref: 3022956

**CASE #: 5:08-CV-01726-JF**

## DECLARATION OF DUE DILIGENCE

I, CARLOS CASTRO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**          **288 3RD STREET, UNIT 217, OAKLAND, CA 94607**

| | |
|---|---|
| 06-16-08 AT 6:50PM | THIS IS A SECURED APARTMENT BUILDING. THE SUBJECT'S NAME IS LISTED ON THE INTERCOM SYSTEM. I TRIED TO CONTACT THE SUBJECT VIA INTERCOM, BUT THERE WAS NO ANSWER, LEFT A VOICEMAIL FOR THE SUBJECT |
| 06-17-08 AT 7:20AM | NO CHANGES, NO ACTIVITY, NO ACCESS TO APARTMENT |
| 06-17-08 AT 8:15AM | I CALLED AND MADE AN APPOINTMENT TO HAVE THE SUBJECT ACCEPT SERVICE ON JUNE 18, 2008 BEFORE 8AM |
| 06-18-08 AT 8:45AM | THERE WAS NO ANSWER AT THE DOOR, RANG DOORBELL. I WAS INFORMED SHE WILL NOT BE ACCEPTING SERVICE |
| 06-19-08 AT 7:20PM | I CALLED THE SUBJECT ON THE INTERCOM THERE WAS NO ANSWER. SECURED BUILDING |
| 06-21-08 AT 10:10AM | I GAINED ACCESS BY BEING BUZZED INSIDE THE BUILDING, KNOCKED ON THE DOOR, COULD HEAR VOICES INSIDE. NO ANSWER AT THE DOOR OR BY DOORBELL. |
| 06-22-08 AT 6:35PM | GAIN ACCESS TO THE BUILDING, NO ANSWER AT THE DOOR |

**560 THOMAS L. BERKELEY WAY, OAKLAND, CA 94612**

| | |
|---|---|
| 06-19-08 AT 11:10AM | THIS LOCATION IS CALLED "UNITED HEALTHCARE WORKERS WEST", PER EMPLOYEE THEY ACCEPTED SERVICE OF PROCESS ON BEHALF OF PEOPLE HOWEVER IT IS JUST A DROP BOX, NO NAME OR TITLE GIVEN UP THE DROPPING THE DOCUMENTS |
| 06-19-08 AT 11:30AM | I WALKED BACK INSIDE THE BUSINESS AND NOW IT'S A DIFFERENT RECEPTIONIST SITTING AT THE DESK. PER THE RECEPTIONIST THEY WILL NOT BE RESPONSIBLE FOR ANYTHING IF THE DOCUMENTS WERE TO BE DROPPED |
| 06-20-08 AT 1:10PM | PER RECEPTIONIST THEY DO NOT ACCEPT PERSONAL SUBPOENAS |

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**          **Signature:** _____

**CARLOS CASTRO**

# EXHIBIT S

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY                                  (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for:** PETITIONERS<br>Ref: 3022955 | |
| **DECLARATION OF DUE DILIGENCE** | **CASE #: 5:08-CV-01727-JF** |

I, ISMAEL VELASCO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto.  I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**          **2302 ZANKER ROAD, SAN JOSE, CA 95131**

06-16-08 AT 1:00PM          PER THE RECEPTIONIST THE SUBJECT HAS BOT WORKED HERE FOR TWO YEARS. THE RECEPTIONIST HAS A PHONE NUMBER FOR THE SUBJECT AND BELIEVES SHE WORKS SOMEWHERE IN OAKLAND, CA (510) 869-2264

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**          **Signature:** _____

ISMAEL VELASCO

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FOR COURT USE ONLY** |
|---|---|

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 715, RESPONDENT
vs. STANFORD HOSPITAL AND CLINICS
AND LUCILE PACKARD CHILDREN'S HOSPITAL

**ATTORNEY (S) NAME & ADDRESS**
EILEEN R. RIDLEY                           (415) 434-4484
FOLEY & LARDNER LLP
ONE MARITIME PLAZA
SAN FRANCISCO, CA 94111
**Attorney(s) for: PETITIONERS**
Ref: 3022955

**CASE #: 5:08-CV-01727-JF**

## DECLARATION OF DUE DILIGENCE

I, CARLOS CASTRO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**        **288 3RD STREET, UNIT 217, OAKLAND, CA 94607**

| | |
|---|---|
| 06-16-08 AT 6:50PM | THIS IS A SECURED APARTMENT BUILDING. THE SUBJECT'S NAME IS LISTED ON THE INTERCOM SYSTEM. I TRIED TO CONTACT THE SUBJECT VIA INTERCOM, BUT THERE WAS NO ANSWER, LEFT A VOICEMAIL FOR THE SUBJECT |
| 06-17-08 AT 7:20AM | NO CHANGES, NO ACTIVITY, NO ACCESS TO APARTMENT |
| 06-17-08 AT 8:15AM | I CALLED AND MADE AN APPOINTMENT TO HAVE THE SUBJECT ACCEPT SERVICE ON JUNE 18, 2008 BEFORE 8AM |
| 06-18-08 AT 8:45AM | THERE WAS NO ANSWER AT THE DOOR, RANG DOORBELL. I WAS INFORMED SHE WILL NOT BE ACCEPTING SERVICE |
| 06-19-08 AT 7:20PM | I CALLED THE SUBJECT ON THE INTERCOM THERE WAS NO ANSWER. SECURED BUILDING |
| 06-21-08 AT 10:10AM | I GAINED ACCESS BY BEING BUZZED INSIDE THE BUILDING, KNOCKED ON THE DOOR, COULD HEAR VOICES INSIDE. NO ANSWER AT THE DOOR OR BY DOORBELL. |
| 06-22-08 AT 6:35PM | GAIN ACCESS TO THE BUILDING, NO ANSWER AT THE DOOR |

**560 THOMAS L. BERKELEY WAY, OAKLAND, CA 94612**

| | |
|---|---|
| 06-19-08 AT 11:10AM | THIS LOCATION IS CALLED "UNITED HEALTHCARE WORKERS WEST", PER EMPLOYEE THEY ACCEPTED SERVICE OF PROCESS ON BEHALF OF PEOPLE HOWEVER IT IS JUST A DROP BOX, NO NAME OR TITLE GIVEN UP THE DROPPING THE DOCUMENTS |
| 06-19-08 AT 11:30AM | I WALKED BACK INSIDE THE BUSINESS AND NOW IT'S A DIFFERENT RECEPTIONIST SITTING AT THE DESK. PER THE RECEPTIONIST THEY WILL NOT BE RESPONSIBLE FOR ANYTHING IF THE DOCUMENTS WERE TO BE DROPPED |
| 06-20-08 AT 1:10PM | PER RECEPTIONIST THEY DO NOT ACCEPT PERSONAL SUBPOENAS |

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**              **Signature:** _____

**CARLOS CASTRO**

# EXHIBIT T

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Petitioners

V.

Service Employees International Union, Local
715, Respondent

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:07-CV-05158-JF

TO:

Myriam Escamilla

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 2, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_     Attorney for Petitioners | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT U

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00213-JF

TO:

Myriam Escamilla

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 2, 2008, 10:00 AM |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT V

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00215-JF

TO:

Myriam Escamilla

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 2, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

　　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT W

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## Northern District of California

Service Employees International Union, Local
715, Petitioner

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:08-CV-00216-JF

TO:

Myriam Escamilla

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 2, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit X

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-01726-JF

TO:

Myriam Escamilla

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 2, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT Y

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-01727-JF

TO:

Myriam Escamilla

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 2, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_          Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT Z

1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
   FACSIMILE:    415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for Petitioners Stanford Hospital & Clinics
5  and Lucile Packard Children's Hospital

6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  **STANFORD HOSPITAL & CLINICS and**          Case No:  5:07-CV-05158-JF
    **LUCILE PACKARD CHILDREN'S**
13  **HOSPITAL**

14              Petitioners,                      **NOTICE OF DEPOSITION OF**
                                                  **KRISTY SERMERSHEIM**
15          v.

    **SERVICE EMPLOYEES**
16  **INTERNATIONAL UNION, LOCAL 715**

17              Respondent.

18                                                **Judge:  Hon. Jeremy Fogel**

19          TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

20          YOU ARE HEREBY NOTIFIED THAT: the deposition of Kristy Sermersheim will be

21  taken stenographically and recorded on audiotape and videotape by petitioners Stanford Hospital

22  & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner LLP,

23  975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Tuesday, July 1,

24  2008.

25  ///

26  ///

27  ///

28

SFCA 1406863.1

1    YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action. So

2 far as known to the deposing party, the deponent's alleged business address is as follows:

3        2302 Zanker Road

4        San Jose, CA, 95131

5    Said deponent has been served with a deposition subpoena. A copy of the deposition

6 subpoena is attached hereto and served herewith.

7    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

8 served is shown on the accompanying Proof of Service.

9

10

Dated: June 12, 2008                    FOLEY & LARDNER LLP
11                                       LAURENCE R. ARNOLD
                                         EILEEN R RIDLEY
12                                       SCOTT P. INCIARDI

13

14

                                    By: _____
15                                       SCOTT P. INCIARDI

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    2
                    NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM
                           CASE NO. 5:07-CV-05158-JF

SFCA 1406863.1

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California**.  I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM, Case No. 5:07-CV-05158-JF**, on the interested parties in this action as follows:

  ✓    BY THE FOLLOWING MEANS:
        I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
(510) 337-1023


  ✓    BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

      ✓    I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express:  collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business.  I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

  ✓  Executed on **June 13, 2008**, at **San Francisco, California**.

  ✓    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
  ✓    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Susan E. Yardley

# EXHIBIT AA

1
**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507
3
LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents and Counter-Petitioners
5
Stanford Hospital & Clinics and
Lucile Packard Children's Hospital

6

7

8
## UNITED STATES DISTRICT COURT

9
## NORTHERN DISTRICT OF CALIFORNIA

10

11

12
**SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,**

**Case No:  5:08-CV-00213-JF**

13
**Petitioner and Counter-Respondent,**

14

15
v.

**NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM**

**STANFORD HOSPITAL & CLINICS and**
16
**LUCILE PACKARD CHILDREN'S HOSPITAL,**

17

18
**Respondents and Counter-Petitioners.**

**Judge: Hon Jeremy Fogel**

19

20
TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21
YOU ARE HEREBY NOTIFIED THAT: the deposition of Kristy Sermersheim will be

22
taken stenographically and recorded on audiotape and videotape by petitioners and counter-

23
respondents Stanford Hospital & Clinics and Lucile Packard Children's Hospital at the law

24
offices of Foley & Lardner LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing

25
at 10:00 AM on Tuesday, July 1, 2008.

26
///

27
///

28
///

1        YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2    far as known to the deposing party, the deponent's alleged business address is as follows:

3            2302 Zanker Road

4            San Jose, CA, 95131

5        Said deponent has been served with a deposition subpoena.  A copy of the deposition

6    subpoena is attached hereto and served herewith.

7        A list of all parties or attorneys for parties on whom this Notice of Deposition is being

8    served is shown on the accompanying Proof of Service.

9

10

    Dated:  June 12, 2008                     FOLEY & LARDNER LLP

11                                      LAURENCE R. ARNOLD

                                   EILEEN R RIDLEY

12                                      SCOTT P. INCIARDI

13

14

15                     By: _____

                         SCOTT P. INCIARDI

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM
CASE NO:  5:08-CV-00213-JF

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California**.  I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM, Case No. 5:08-CV-00213-JF**, on the interested parties in this action as follows:

✓       BY THE FOLLOWING MEANS:
        I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
(510) 337-1023

✓       BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

    ✓       I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express:  collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business.  I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓       Executed on **June 13, 2008**, at **San Francisco, California**.

✓       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

✓       I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Susan E. Yardley

# EXHIBIT BB

1   **FOLEY & LARDNER LLP**
    ONE MARITIME PLAZA, SIXTH FLOOR
    SAN FRANCISCO, CA 94111-3409
2   TELEPHONE:    415.434.4484
    FACSIMILE:    415.434.4507
3
    LAURENCE R. ARNOLD, CA BAR NO. 133715
    EILEEN R. RIDLEY, CA BAR NO. 151735
4   SCOTT P. INCIARDI, CA BAR NO. 228814
    Attorneys for Respondents Stanford Hospital & Clinics
5   and Lucile Packard Children's Hospital

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  **SERVICE EMPLOYEES**                   Case No:  5:08-CV-00215-JF
    **INTERNATIONAL UNION, LOCAL 715,**

13              Petitioner,

14         vs.                              **NOTICE OF DEPOSITION OF**
                                            **KRISTY SERMERSHEIM**
15  **STANFORD HOSPITAL AND CLINICS**
    **AND LUCILE PACKARD CHILDREN'S**
16  **HOSPITAL,**

17              Respondents.                Judge:         Hon. Jeremy Fogel

18

19
            TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:
20
            YOU ARE HEREBY NOTIFIED THAT: the deposition of Kristy Sermersheim will be
21
    taken stenographically and recorded on audiotape and videotape by respondents Stanford
22
    Hospital & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner
23
    LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Tuesday,
24
    July 1, 2008.
25
    ///
26
    ///
27
    ///
28

---

NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM
CASE NO:  5:08-CV-00215-JF

1    YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2    far as known to the deposing party, the deponent's alleged business address is as follows:

3         2302 Zanker Road

4         San Jose, CA, 95131

5    Said deponent has been served with a deposition subpoena.  A copy of the deposition

6    subpoena is attached hereto and served herewith.

7    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

8    served is shown on the accompanying Proof of Service.

9

10

11   Dated:  June 12, 2008                    FOLEY & LARDNER LLP
                                              LAURENCE R. ARNOLD
12                                            EILEEN R RIDLEY
                                              SCOTT P. INCIARDI
13

14

15                                            By: _____
                                                  SCOTT P. INCIARDI
16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM
CASE NO:  5:08-CV-00215-JF

SFCA_1406823.1

1

**PROOF OF SERVICE**

2

I am employed in the **County of San Francisco, State of California**.  I am over the age
3
of 18 and not a party to this action; my current business address is **One Maritime Plaza,
Sixth Floor, San Francisco, CA 94111-3409**.

4

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF
DEPOSITION OF KRISTY SERMERSHEIM, Case No. 5:08-CV-00215-JF**, on the
5
interested parties in this action as follows:

6
    ✓      BY THE FOLLOWING MEANS:
            I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8
William Sokol, Esq.
W. Daniel Boone, Esq.
9
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
10
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
11
(510) 337-1023

12

13
    ✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14
        ✓      I am readily familiar with the firm's practice for collection and processing
               of correspondence for delivery by Federal Express:  collected packages are
15
               picked up by an express carrier representative on the same day, with the
               Airbill listing the account number for billing to sender, at **San Francisco,
16
               California**, in the ordinary course of business.  I placed the envelope(s) in
               an envelope or package designated by the express service carrier for
17
               collection and processing for express service delivery on the above date
               following ordinary business practices.
18

    ✓      Executed on **June 13, 2008**, at **San Francisco, California**.
19

20
    ✓          I declare under penalty of perjury under the laws of the State of California
               that the above is true and correct.
    ✓          I declare that I am employed in the office of a member of the bar of this
21
               court at whose direction the service was made.

22

23

24
/Susan E. Yardley

25

26

27

28

# EXHIBIT CC

1   **FOLEY & LARDNER LLP**
    ONE MARITIME PLAZA, SIXTH FLOOR
    SAN FRANCISCO, CA 94111-3409
2   TELEPHONE:    415.434.4484
    FACSIMILE:    415.434.4507

3   LAURENCE R. ARNOLD, CA BAR NO. 133715
    EILEEN R. RIDLEY, CA BAR NO. 151735
4   SCOTT P. INCIARDI, CA BAR NO. 228814
    Attorneys for Respondents Stanford Hospital & Clinics
5   and Lucile Packard Children's Hospital

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  **SERVICE EMPLOYEES**              Case No:  5:08-CV-00216-JF
    **INTERNATIONAL UNION, LOCAL 715,**

13          Petitioner,

14      vs.                            **NOTICE OF DEPOSITION OF**
                                       **KRISTY SERMERSHEIM**
15  **STANFORD HOSPITAL AND CLINICS**
    **AND LUCILE PACKARD CHILDREN'S**
16  **HOSPITAL,**

17          Respondents.              Judge:        **Hon. Jeremy Fogel**

18

19
            TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:
20
            YOU ARE HEREBY NOTIFIED THAT: the deposition of Kristy Sermersheim will be
21
    taken stenographically and recorded on audiotape and videotape by respondents Stanford
22
    Hospital & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner
23
    LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Tuesday,
24
    July 1, 2008.
25
    ///
26
    ///
27
    ///
28

1        YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2  far as known to the deposing party, the deponent's alleged business address is as follows:

3            2302 Zanker Road

4            San Jose, CA, 95131

5     Said deponent has been served with a deposition subpoena.  A copy of the deposition

6  subpoena is attached hereto and served herewith.

7     A list of all parties or attorneys for parties on whom this Notice of Deposition is being

8  served is shown on the accompanying Proof of Service.

9

Dated:  June 12, 2008          FOLEY & LARDNER LLP

10                           LAURENCE R. ARNOLD
                             EILEEN R RIDLEY

11                           SCOTT P. INCIARDI

12

13

14                By:  _____
                    SCOTT P. INCIARDI

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM
CASE NO:  5:08-CV-00216-JF

SFCA_1384645.1

1

**PROOF OF SERVICE**

2
3

I am employed in the **County of San Francisco, State of California**.  I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

4
5

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM, Case No. 5:08-CV-00216-JF**, on the interested parties in this action as follows:

6
7

✓      BY THE FOLLOWING MEANS:
       I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

8
9
10
11

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
(510) 337-1023

12
13

✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14
15
16
17
18

   ✓      I am readily familiar with the firm's practice for collection and processing
           of correspondence for delivery by Federal Express:  collected packages are
           picked up by an express carrier representative on the same day, with the
           Airbill listing the account number for billing to sender, at **San Francisco,
           California**, in the ordinary course of business.  I placed the envelope(s) in
           an envelope or package designated by the express service carrier for
           collection and processing for express service delivery on the above date
           following ordinary business practices.

19

✓      Executed on **June 13, 2008**, at **San Francisco, California**.

20

✓           I declare under penalty of perjury under the laws of the State of California
            that the above is true and correct.

21

✓           I declare that I am employed in the office of a member of the bar of this
            court at whose direction the service was made.

22
23
24

_____
Susan E. Yardley

25
26
27
28

# EXHIBIT DD

1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
   FACSIMILE:    415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for Respondents Stanford Hospital & Clinics
5  and Lucile Packard Children's Hospital

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  **SERVICE EMPLOYEES**              Case No:  5:08-CV-01726-JF
    **INTERNATIONAL UNION, LOCAL 715,**

13          Petitioner,

14      vs.                            **NOTICE OF DEPOSITION OF**
                                       **KRISTY SERMERSHEIM**
15  **STANFORD HOSPITAL AND CLINICS**
    **AND LUCILE PACKARD CHILDREN'S**
16  **HOSPITAL,**

17          Respondents.               Judge:        Hon. Jeremy Fogel

18

19
            TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:
20
            YOU ARE HEREBY NOTIFIED THAT: the deposition of Kristy Sermersheim will be
21
    taken stenographically and recorded on audiotape and videotape by respondents Stanford
22
    Hospital & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner
23
    LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Tuesday,
24
    July 1, 2008.
25
    ///
26
    ///
27
    ///
28

---

SFCA_1406831.1

1   YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2 far as known to the deposing party, the deponent's alleged business address is as follows:

3    2302 Zanker Road

4    San Jose, CA, 95131

5   Said deponent has been served with a deposition subpoena.  A copy of the deposition

6 subpoena is attached hereto and served herewith.

7   A list of all parties or attorneys for parties on whom this Notice of Deposition is being

8 served is shown on the accompanying Proof of Service.

9

10

11 Dated:  June 12, 2008      FOLEY & LARDNER LLP
            LAURENCE R. ARNOLD

12            EILEEN R RIDLEY
            SCOTT P. INCIARDI

13

14

15         By: _____
           SCOTT P. INCIARDI

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM
CASE NO:  5:08-CV-01726-JF

SFCA  1406831.1

1

## PROOF OF SERVICE

2  I am employed in the **County of San Francisco, State of California**.  I am over the age
3  of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409.**

4  On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM, Case No. 5:08-CV-01726-JF**, on the
5  interested parties in this action as follows:

6  ✓    BY THE FOLLOWING MEANS:
       I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8  William Sokol, Esq.
   W. Daniel Boone, Esq.
9  Bruce A. Harland, Esq.
   Weinberg, Roger & Rosenfeld
10 1001 Marina Village Pkwy, Suite 200
   Alameda, CA  94501-1091
11 (510) 337-1023

12

13 ✓    BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14     ✓    I am readily familiar with the firm's practice for collection and processing
            of correspondence for delivery by Federal Express:  collected packages are
15          picked up by an express carrier representative on the same day, with the
            Airbill listing the account number for billing to sender, at **San Francisco,**
16          **California**, in the ordinary course of business.  I placed the envelope(s) in
            an envelope or package designated by the express service carrier for
17          collection and processing for express service delivery on the above date
            following ordinary business practices.
18

19 ✓    Executed on **June 13, 2008**, at **San Francisco, California**.

20 ✓    I declare under penalty of perjury under the laws of the State of California
       that the above is true and correct.
21 ✓    I declare that I am employed in the office of a member of the bar of this
       court at whose direction the service was made.

22

23

24 Susan E. Yardley

25

26

27

28

# EXHIBIT EE

1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
   FACSIMILE:    415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for Respondents Stanford Hospital & Clinics
5  and Lucile Packard Children's Hospital

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11

12  | SERVICE EMPLOYEES | Case No:  5:08-CV-01727-JF |
    | INTERNATIONAL UNION, LOCAL 715, | |
13  | | |
    | Petitioner, | |
14  | | **NOTICE OF DEPOSITION OF** |
    | vs. | **KRISTY SERMERSHEIM** |
15  | STANFORD HOSPITAL AND CLINICS | |
    | AND LUCILE PACKARD CHILDREN'S | |
16  | HOSPITAL, | |
17  | Respondents. | Judge:        Hon. Jeremy Fogel |
18

19

20       TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21       YOU ARE HEREBY NOTIFIED THAT: the deposition of Kristy Sermersheim will be

    taken stenographically and recorded on audiotape and videotape by respondents Stanford
22
    Hospital & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner
23
    LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Tuesday,
24
    July 1, 2008.
25
    ///
26  ///
27  ///
28

SFCA  1406837.1

1    YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2    far as known to the deposing party, the deponent's alleged business address is as follows:

3        2302 Zanker Road

4        San Jose, CA, 95131

5    Said deponent has been served with a deposition subpoena.  A copy of the deposition

6    subpoena is attached hereto and served herewith.

7    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

8    served is shown on the accompanying Proof of Service.

9

10

11   Dated:  June 12, 2008                    FOLEY & LARDNER LLP
                                              LAURENCE R. ARNOLD
12                                            EILEEN R RIDLEY
                                              SCOTT P. INCIARDI

13

14

15   By: _____
                                          SCOTT P. INCIARDI

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM
CASE NO:  5:08-CV-01727-JF

SFCA  1406837.1

1

**PROOF OF SERVICE**

2 I am employed in the **County of San Francisco, State of California**.  I am over the age
of 18 and not a party to this action; my current business address is **One Maritime Plaza,**
3 **Sixth Floor, San Francisco, CA 94111-3409.**

4 On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF**
**DEPOSITION OF KRISTY SERMERSHEIM, Case No. 5:08-CV-01727-JF**, on the
5 interested parties in this action as follows:

6 ✓      BY THE FOLLOWING MEANS:
        I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8 William Sokol, Esq.
W. Daniel Boone, Esq.
9 Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
10 1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
11 (510) 337-1023

12

13 ✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14      ✓      I am readily familiar with the firm's practice for collection and processing
               of correspondence for delivery by Federal Express:  collected packages are
15             picked up by an express carrier representative on the same day, with the
               Airbill listing the account number for billing to sender, at **San Francisco,**
16             **California**, in the ordinary course of business.  I placed the envelope(s) in
               an envelope or package designated by the express service carrier for
17             collection and processing for express service delivery on the above date
               following ordinary business practices.
18

19 ✓      Executed on **June 13, 2008**, at **San Francisco, California**.

20      ✓      I declare under penalty of perjury under the laws of the State of California
               that the above is true and correct.
21      ✓      I declare that I am employed in the office of a member of the bar of this
               court at whose direction the service was made.

22

23

24                                                Susan E. Yardley

25

26

27

28

# EXHIBIT FF

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Petitioners

**SUBPOENA IN A CIVIL CASE**

V.

Service Employees International Union, Local
715, Respondent

Case Number:[1] 5:07-CV-05158-JF

TO:

Kristy Sermersheim

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 1, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_  Attorney for Petitioners | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott P. Inciardi, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

*Pleadings Discovery*

---

## PROOF OF SERVICE

| | DATE<br>06-18-08 AT 3:30PM | PLACE<br>KRISTY SERMERSHEIM |
|---|---|---|
| SERVED | | 2302 ZANKER ROAD<br>SAN JOSE, CA 95131 |

| SERVED ON (PRINT NAME)<br>KRISTY SERMERSHEIM | MANNER OF SERVICE<br>PERSONAL SERVICE |
|---|---|
| SERVED BY (PRINT NAME)<br>ISMAEL VELASCO | TITLE<br>PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ JUNE 18, 2008 _____
                        DATE

REF: 3022967
NATIONWIDE LEGAL, INC,
ISMAEL VELASCO
REG. NUMBER: 908
SAN FRANCISCO COUNTY

SIGNATURE OF SERVER

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) if a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT GG

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00213-JF

TO:

Kristy Sermersheim

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 1, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  Attorney for Respondents | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott P. Inciardi, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (1/91) (cont.)

---

### PROOF OF SERVICE

| | DATE<br>06-18-08 AT 3:30PM | PLACE<br>KRISTY SERMERSHEIM |
|---|---|---|
| **SERVED** | | 2302 ZANKER ROAD<br>SAN JOSE, CA 95131 |

| SERVED ON (PRINT NAME)<br>KRISTY SERMERSHEIM | MANNER OF SERVICE<br>PERSONAL SERVICE |
|---|---|
| SERVED BY (PRINT NAME)<br>ISMAEL VELASCO | TITLE<br>PROCESS SERVER |

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      JUNE 18, 2008
                 DATE                                  SIGNATURE OF SERVER

REF: 3022971
NATIONWIDE LEGAL, INC,
ISMAEL VELASCO                               1255 POST STREET, SUITE #500
REG. NUMBER: 908                                   ADDRESS OF SERVER
SAN FRANCISCO COUNTY

                                       SAN FRANCISCO, CALIFORNIA 94109

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow for reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

    (B) if a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

    (d) DUTIES IN RESPONDING TO SUBPOENA
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT HH

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00215-JF

TO:

Kristy Sermersheim

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 1, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorney for Respondents | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott P. Inciardi, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                                      SIGNATURE OF SERVER

                                                               ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction --- which may include lost earnings and reasonable attorney's fees --- on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

*pleadings*

---

## PROOF OF SERVICE

| | DATE<br>06-18-08 AT 3:30PM | PLACE<br>KRISTY SERMERSHEIM |
|---|---|---|
| **SERVED** | | 2302 ZANKER ROAD<br>SAN JOSE, CA 95131 |

| SERVED ON (PRINT NAME)<br>KRISTY SERMERSHEIM | MANNER OF SERVICE<br>PERSONAL SERVICE |
|---|---|
| SERVED BY (PRINT NAME)<br>ISMAEL VELASCO | TITLE<br>PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ JUNE 18, 2008 _____
                              DATE

_____
SIGNATURE OF SERVER

REF: 3022964
NATIONWIDE LEGAL, INC,
ISMAEL VELASCO
REG. NUMBER: 908
SAN FRANCISCO COUNTY

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT II

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1]  5:08-CV-00216-JF

TO:

Kristy Sermersheim

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 1, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_  Attorney for Respondents | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott P. Inciardi, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

*Pleadings*

---

## PROOF OF SERVICE

| | DATE<br>06-18-08 AT 3:30PM | PLACE<br>KRISTY SERMERSHEIM |
|---|---|---|
| **SERVED** | | 2302 ZANKER ROAD<br>SAN JOSE, CA 95131 |

| SERVED ON (PRINT NAME)<br>KRISTY SERMERSHEIM | MANNER OF SERVICE<br>PERSONAL SERVICE |
|---|---|
| SERVED BY (PRINT NAME)<br>ISMAEL VELASCO | TITLE<br>PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | JUNE 18, 2008 | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

REF: 3022970
NATIONWIDE LEGAL, INC,
ISMAEL VELASCO
REG. NUMBER: 908
SAN FRANCISCO COUNTY

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) if a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT JJ

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

### Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1]  5:08-CV-01726-JF

TO:

Kristy Sermersheim

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 1, 2008, 10:00 AM |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Scott P. Inciardi*  Attorney for Respondents | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott P. Inciardi, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

*pleading*

## PROOF OF SERVICE

| | DATE<br>06-18-08 AT 3:30PM | PLACE<br>KRISTY SERMERSHEIM |
|---|---|---|
| **SERVED** | | 2302 ZANKER ROAD<br>SAN JOSE, CA 95131 |

| SERVED ON (PRINT NAME)<br>KRISTY SERMERSHEIM | MANNER OF SERVICE<br>PERSONAL SERVICE |
|---|---|
| SERVED BY (PRINT NAME)<br>ISMAEL VELASCO | TITLE<br>PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____JUNE 18, 2008_____
                              DATE

SIGNATURE OF SERVER

REF: 3022968
NATIONWIDE LEGAL, INC,
ISMAEL VELASCO
REG. NUMBER: 908
SAN FRANCISCO COUNTY

_____1255 POST STREET, SUITE #500_____
ADDRESS OF SERVER

_____SAN FRANCISCO, CALIFORNIA 94109_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT KK

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1]  5:08-CV-01727-JF

TO:

Kristy Sermersheim

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 1, 2008, 10:00 AM |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Scott P. Inciardi_  Attorney for Respondents | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott P. Inciardi, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 06-18-08 AT 3:30PM | KRISTY SERMERSHEIM<br>2302 ZANKER ROAD<br>SAN JOSE, CA 95131 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| KRISTY SERMERSHEIM | PERSONAL SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| ISMAEL VELASCO | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     JUNE 18, 2008
             DATE

                    SIGNATURE OF SERVER

REF: 3022970
NATIONWIDE LEGAL, INC,
ISMAEL VELASCO            1255 POST STREET, SUITE #500
REG. NUMBER: 908              ADDRESS OF SERVER
SAN FRANCISCO COUNTY

             SAN FRANCISCO, CALIFORNIA 94109

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT LL

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI +
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WEBBER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ++
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN +++
ANDREA LIMACONA
EMILY P. RICH

## WEINBERG, ROGER & ROSENFELD
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

LORI K. AQUINO ++
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCION E. LOZANO-BATISTA
CAREN P. SPENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOIGUES +++
KERIANNE R. STEELE +++
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA V. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

+ Also admitted in Arizona
++ Admitted in Hawaii
+++ Also admitted in Nevada
++++ Also admitted in Illinois

June 23, 2008

VIA FACSIMILE & U.S. MAIL

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:    Stanford Hospital & Clinics and Lucile Packard Children's Hospital v. SEIU, Local 715
       U.S.D.C. Case No. 5:07-CV-05158; 5:08-CV-00213; 5:08-CV-00215; 5:08-CV-00216;
       5:08-CV-01726; 5:08-CV-01727.

Dear Ms. Ridley:

I am writing this letter on behalf of both Bruce W. Smith and Myriam Escamilla. I have received copies of the Notices of Deposition for both Bruce W. Smith and Myriam Escamilla that you served. It is my understanding that you claim that they are not parties to this action. If that is incorrect, please let me know.

If my understanding is correct, then the both Mr. Smith and Ms. Escamilla object to the subpoenas for the following reasons in accordance with Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure. Clearly, the deposition subpoenas are an effort to harass both Mr. Smith and Ms. Escamilla, especially in light of the fact that you have noticed their depositions as non-parties.

In any event, given the Fourth of July holiday fast approaching and because of other pre-scheduled commitments, neither Mr. Smith nor Ms. Escamilla are available for the dates notice.

Please contact me at your earliest convenience so that we can discuss this matter.

Sincerely,

Bruce A. Harland

BAH/not
cc:    Local 715
       Rusty Smith, Trustee
       Myriam Escamilla, Asst. Trustee
117443/497466

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

# EXHIBIT MM



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 23, 2008

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081, 3083, 3094, and
3097

VIA FACSIMILE AND U.S. MAIL

Bruce Harland
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

Re:     SEIU, Local 715 v. Stanford Hospital & Clinics and Lucille
        Packard Childrens' Hospital
        U.S. Dist. Ct. Northern Dist. Ca Case Nos. C-07-cv-5158,
        5:08-cv-00213, 5:08-cv-00215, 5:08-cv-00216, 5:08-cv-01727,
        and 5:08-cv-01726

Dear Mr. Harland:

        This will respond to your letter of today's date regarding the depositions of Mr. Smith
and Ms. Escamilla.

        You are incorrect regarding the basis of service. Mr. Smith was served as a party as
we understand he is the trustee for Local 715.

        Ms. Escamilla was served as a non-party as we understand she is employed by UHW.
Ms. Escamilla has repeatedly evaded service including refusing to accept the subpoena at work and
arranging to have the subpoena accepted at her home to only to thereafter refuse to accept service of
the subpoena. Ms. Escamilla's actions are inappropriate and contrary to law and we will seek
redress from the Court if she continues to actively and consciously evade service. As your office
apparently represents Ms. Escamilla, we will agree to permit acceptance of the subpoena through
your office if you are authorized to accept such service. If not, we will seek redress from the Court
for Ms. Escamilla's actions. Please confirm you may accept service of the subpoena on Ms.
Escamilla's behalf.

        Having said the above, the simple request for a deposition is not harassment, and thus
the objections raised to the proceedings are inappropriate both in form and substance.. Indeed, both
Mr. Smith and Ms. Escamilla have information regarding the issues related to the existence,
representation, and the use of resources of Local 715 which you well know. Mr. Smith is
purportedly that entity's trustee, and Ms. Escamilla a representative of UHW assigned to Stanford
Hospital & Clinics and Lucile Packard Children's Hospital under the purported servicing agreement
with Local 715 as well as the purported trustee's assistant. Moreover, the Court specifically
permitted such discovery to take place. Finally, the depositions were specifically set so as to not
take place over the July 4th holiday. As there is a filing deadline with the Court of July 18, 2008, we
expect both the witnesses to appear at their depositions. If they truly need to reschedule the dates of

BOSTON          JACKSONVILLE       NEW YORK          SAN FRANCISCO      TOKYO
BRUSSELS        LOS ANGELES        ORLANDO           SHANGHAI           WASHINGTON, D.C.
CENTURY CITY    MADISON            SACRAMENTO        SILICON VALLEY
CHICAGO         MIAMI              SAN DIEGO         TALLAHASSEE
DETROIT         MILWAUKEE          SAN DIEGO/DEL MAR  TAMPA

SFCA_1418920.1



**FOLEY & LARDNER LLP**

Bruce Harland
June 23, 2008
Page 2

the proceedings, please provide us with suggested alternative date to be considered as soon as possible.

       Continued failure to respond to discovery requests by persons or entities represented by your office will be raised with the Court – particularly in light of the up-coming deadlines in the case. We trust the present impasse will be resolved short of the need for Court intervention.

       Very truly yours,

*Eileen R. Ridley/to*

Eileen R. Ridley

SFCA_1418920.1

# EXHIBIT NN

**From:**  Ridley, Eileen R.
**Sent:**  Wednesday, June 25, 2008 11:20 AM
**To:**  Bruce Harland
**Cc:**  Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** SEIU v. Stanford Cases

**From the Desk of: Eileen R. Ridley**



| My Location | My V-card | My Bio | | www.foley.com |

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.   We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.

*Eileen*

INFO

6/26/2008

# EXHIBIT OO

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ••
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAIACONA
EMILY P. RICH

# WEINBERG, ROGER & ROSENFELD

A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

LORI K. AQUINO ••
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCION E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOIGUES ••••
KERIANNE R. STEELE •••
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada
•••• Also admitted in Illinois

FOLEY & LARDNER LLP
RECEIVED

JUN 2 7 2008

June 26, 2008

WORKING COPY

Scott P. Inciardi
Foley & Lardner LLP
One Maritime Plaza
San Francisco, CA 94111

Re:    SEIU Local 715
       Stanford Hospital & Clinics and Lucille Packard Children's Hospital
       U.S. District Court, No. District California, Case No. 07-cv-05158 JF, et al.

Dear Mr. Inciardi:

I am writing concerning the subpoenas for deposition of Kristy Sermersheim, which you unilaterally scheduled on July 1, 2008. Neither Ms. Sermersheim nor myself is available on July 1 for that proposed deposition. Please contact me at your earliest convenience to discuss possible dates and to discuss the necessity of taking Ms. Sermersheim's deposition. I do not believe that, given the causes of action in this matter, that Ms. Sermersheim has any relevant information for you and am not entirely certain that her deposition is necessary. However, we would like to work with you in good faith to discuss this rather than file an immediate motion to quash. I look forward to discussing this matter further with you.

Sincerely,

Andrea Laiacona

AL/sm
opeiu 3 afl-cio(1)
cc:    Kristy Sermersheim

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

# EXHIBIT PP



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 30, 2008

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081, 3083, 3094 and
3097

<span style="letter-spacing:0.1em">**Via Facsimile and U.S. Mail**</span>

Andrea Laiacona
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Ste. 200
Alameda, CA 94501-1091

    Re: *SEIU v. Stanford Hospital & Clinics, et al.*
      U.S. Dist. Ct. Case Nos.: C-07-cv-5158, 5:08-cv-00213, 5:08-
      cv-00215, 5:08-cv-002216, 5:08-cv-01727 and 5:08-cv-01726

Dear Ms. Laiacona:

    This will respond to your letter of June 26, 2008 regarding the above-referenced
matters and the deposition of Kristy Sermersheim. Ms. Sermersheim, as you know, was the
executive secretary of SEIU Local 715 and was involved (and gave testimony) regarding the SEIU
International's activities concerning the reorganization of the local union entities – including Local
715. Moreover, Ms. Sermersheim is identified in a number of documents regarding this matter.
Thus, Ms. Sermersheim not only has relevant information, her testimony goes to the heart of one of
the issues being litigated in the case. Thus, we require her deposition to take place. Please provide
us with available dates for this proceeding.

    We further write to address Local 521's complete failure to properly respond to the
subpoena issued to it and produce documents. We have received no documentation from this entity
whatsoever. Please confirm that Local 521 will provide a proper response to the subpoena (as noted
in Eileen Ridley's letter of June 9, 2008) and will produce documents this week. Failure of Local
521 to do so will result in a motion to compel being failed to obtain the discovery requested.

    Very truly yours,

    Scott P. Inciardi

cc: Eileen R. Ridley

BOSTON
BRUSSELS
CENTURY CITY
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO
SAN DIEGO/DEL MAR

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA

TOKYO
WASHINGTON, D.C.

# EXHIBIT QQ

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA •
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAIACONA
EMILY P. RICH

## WEINBERG, ROGER & ROSENFELD

A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX  510.337.1023

LORI K. AQUINO •
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOERGES ••••
KERIANNE R. STEELE ••
ANA M. GALLEGOS
GARY P. PROVENCHER


PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel


• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada
•••• Also admitted in Illinois

June 26, 2008

FOLEY & LARDNER LLP
R E C E I V E D

JUN 2 7 2008

C85437-3056

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA  94111-3404

Re:    SEIU Local 715
Stanford Hospital & Clinics and Lucille Packard Children's Hospital
U.S. District Court, No. District California, Case No. 07-cv-05158 JF, et al.

Dear Ms. Ridley:

I am writing in response to your letter dated June 9, 2008 concerning the above referenced matter.  It is my understanding that this letter is identical to letters which were directed to my co-counsel, Bill Sokol, on behalf of SEIU UHW and Bruce Harland on behalf of SEIU Local 715. Therefore, on behalf of Local 521, I reiterate the position of my prior letter, just as you have restated your position in yours.

It is clear from your letters and other documents that you seek discovery generally concerning the existence of Local 715.  As Mr. Sokol said in his letter dated June 13, you obviously have acknowledged expressly that you are acting in bad faith through your client by acknowledging that Local 715 exists, that it represents employees and you have acknowledged that it has a relationship to the other Locals.  Your explanation for why this information is necessary rings false.  Your insistence that you need this information, in light of your acknowledgment, is an abuse of process, burdensome, harassing and unnecessary and that it just points to the bad faith tactics your client is engaging in by maintaining this litigation.

The fundamental facts of this case are not in dispute.  You have acknowledged that SEIU Local 715 exists as an entity and your client is fully aware of its relationship to its sister locals in SEIU. Please cease and desist from this harassing discovery tactic.  Thank you for your immediate attention in this matter.

Sincerely,

Andrea Laiacona

AL/sm
opeiu 3 afl-cio(1)
117443/497977

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA  90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA  95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI  96813-4500
TEL 808.528.8880 FAX 808.528.8881

# EXHIBIT RR

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Monday, June 30, 2008 7:41 AM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008.  I will have to talk to my client about the stipulation that you propose.  I will talk to you tomorrow.

Bruce

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline?  Please provide your response to this question and the issues raised below by Monday, June 30, 2008.  Thank you


Eileen



<http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM

1

To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases


Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.  We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.


    Eileen


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal

tax penalties, and was not written to support the promotion or marketing of
any transaction or matter discussed herein.

# EXHIBIT SS

**From:**   Ridley, Eileen R.

**Sent:**   Thursday, July 03, 2008 7:55 AM

**To:**     Bruce Harland

**Cc:**     Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy

**Subject:** RE: SEIU v. Stanford Cases

From the Desk of: Eileen R. Ridley



**FOLEY & LARDNER LLP**
www.foley.com

My Location      My V-card      My Bio

Bruce

I believe the statements made in our motion are accurate. Our case management statement specifically discussed the discovery related to the existence of Local715, the use of its resources and its representative capacity. This was discussed with the Court and it agreed such discovery could take place. In fact, there was no limit on the subjects of discovery whatsoever. Further, given the fact that the uniform response to the discovery served was to object, I believe the description of these responses by your office is accurate.

Having said that, we are hopeful these issues can be resolved without bringing a motion to compel. I think your idea of speaking early next week is a good one in order to facilitate the most complete discussion. I am generally available either July 7 or July 8. I would suggest talking sometime in the afternoon of either day. Let me know what works for you. Thank you.

Eileen

INFO

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Wednesday, July 02, 2008 7:18 PM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

The purpose of my email was not to start a debate, but simply explain to you why my clients could not agree to continuing the filing date for dispositive motions. Obviously, you and your clients take issue with those reasons.

While I do not think it is necessary to continue the debate, I do wish to address your accusation that everyone that you subpoenaed and our firm has "conduct[ed] a coordinated strategy of stonewalling and refusing to respond to any discovery request . . . ." That is simply

7/3/2008

inaccurate. Moreover, it was completely misleading and inappropriate for you to make such a statement to the Court today in your motion to continue the filing date, as it is not grounded on fact or reality.

It is also inaccurate to suggest that the Court permitted discovery on the "existence of Local 715, its representative capacity and the handling of its resources." I have reviewed the transcript of the scheduling conference, and my understanding is that the Court permitted discovery on a very narrow issue -- that is, whether Local 715 had standing at the arbitration hearing. (See Tr. 7:7-13; 8:21-24; 9:18-23; 10:23-25; 11:1-8, 18-24; 12:1-6.)

Now, turning to the scheduling the meet and confer process, I will be available after noon. However, I do have a meeting tentatively scheduled for sometime in the late afternoon. If you can email times that work for you in the afternoon, I will make every effort to schedule my meeting around the call.

If these times do not work, I would suggest an alternative approach: that we reschedule the telephone conference for early next week, so that I can respond to your July 1, 2008 "meet and confer" letter that you emailed last night. This might help focus the conversation. This will also allow you to enjoy your vacation. If you like this alternate approach, then I would suggest that you give me some times and dates that you can participate in a call next week.

I look forward to hearing from you.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Tuesday, July 01, 2008 9:12 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases


Thank you for your email. It is unfortunate that your client has chosen to refuse to stipulate to a continuance of the deadline to file dispositive motions and we will therefore raise the issue with the Court.

There has been no delay in this action by my clients. Once the Court confirmed that discovery could be conducted during the April 25th Case Management Conference we served requests for production and subpoenas within two weeks in all six matters. That is hardly "waiting until the last minute". Your clients and your firm, however, have decided to conduct a coordinted strategy of stonewalling and refusing to respond to any discovery request by either refusing to answer or produce documents, refusing to produce witnesses for deposition (including the trustee of Local 715), and characterizing every discovery request as "harrassment". This is a designed pattern and practice that is contrary to the law and a blatent attempt to prejudice my client regarding the dispositive motions in this case. If there is any delay in this matter it has been caused by your firm's clients and their refusal to properly respond to legal discovery requests (even after being provided with requested extensions).

The discovery propounded by my clients was specifically designed to

address the areas the Court permitted to be the subject of discovery - the existance of Local 715, its representative capacity and the handling of its resources. This is not requesting every document held by Local 715 but your comment underscores a major issue regarding the pending discovery - Local 715 has failed to provide complete responses and has further failed to produce responsive documents. Further, we have not noticed "scores" of depositions. We have noticed five depositions of indivudals who have direct knowledge of these issues -including the trustee of Local 715 whom you refused to produce. Again, any "delay" is solely due to your clients' conduct.

That being said, you have indicated you are available to discuss these matters on July 3, 2008. I will be on vacation but will make myself available for a call. What time works for you? Thank you.

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Tuesday, July 01, 2008 5:14 PM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date. The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to. The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta. Further delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715. And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C. to California for the end of June, just weeks before the fourth of July.

Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.

As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West.  First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.  Second, it is unclear what you need her to testify to, given that you served her as a non-party.  Judge Fogel was clear in his instructions: discovery was limited to whether or not Local 715 had standing to sue.  Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter.  As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008.  However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008.  You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif

Mr. Harland -

I have not heard further from you regarding this matter.  Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date.  Thanks very much.

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

7/3/2008

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008. I will have to talk to my client about the stipulation that you propose. I will talk to you tomorrow.

Bruce

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif

Mr. Harland:

I have yet to hear from you regarding the matters discussed below. As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline? Please provide your response to this question and the issues raised below by Monday, June 30, 2008. Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We

would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.

Eileen

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it

7/3/2008

cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

7/3/2008

# EXHIBIT TT

**From:** Ridley, Eileen R.
**Sent:** Wednesday, July 09, 2008 1:57 PM
**To:** Bruce Harland
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** SEIU v. Stanford Cases

**From the Desk of: Eileen R. Ridley**



**FOLEY**

**FOLEY & LARDNER LLP**

My Location    My V-card    My Bio                              www.foley.com

Dear Bruce:

Per our discussion today, I am writing to broadly outline the pending discovery issues with an eye toward resolution of them short of a motion before the Court. This email is part of our conference to resolve these issues.

Preliminarily, you confirmed you had verifications and would be providing those to us which we appreciate. Also, to the extent that any documents are being withheld on privilege grounds, please provide us with a log related to those materials and the grounds for non-production.

As we discussed, my clients are not seeking every document your client has for production. Again, the focus truly is the existence of Local 715, the use of its resources, its representational activities and and its representation by others and legal counsel. As I noted with you, if there are no responsive documents, we certainly recognize that as an answer - we just need to have that position stated and verified by your client. With this in mind, there are essentially four broad areas of concern regarding your client's discovery responses as follows:

**Communications:**

Our requests seek materials related to communications between Local 715 and the other union entities with which we know Local 715 has communicated regarding its existence, resources, representational services, and representation. The other union entities include the International (where there was clearly communication between 715 and the International regarding the trusteeship of 715 as referenced in Mr. Stern's order regarding the trusteeship), Local 521 (which received information regarding and transfers of Local 715's resources (including dues, receipts, bank accounts, other assets and property and member records), and with agents and representatives of UHW (which had a "Servicing Agreement" with Local 715 purportedly involving matters concerning representational or other activities with respect to, or otherwise relating to, the bargaining unit employees of my clients). There would also be, we believe, communications with Local 1877 and its apparent successor, SEIU Higher Education Workers United 2007, regarding representational activities by it on behalf of or in place of Local 715 as regards Stanford University and Santa Clara University. These communications could take the form of letters, memos and e-mails, etc. However, none of these communications have been provided. You noted that some communications may have been oral and we acknowledge that may be the case. Nonetheless, we need a response that there has been a search for such materials and no written responsive documents exist (*e.g.*, Mr. Stern's letter instituting the trusteeship says he is taking such actions due to "reports" he has received - if the reports are in written form they should be produced). I understand you believe there may be some documents (although it may also be the case that some communication was oral). You have agreed to review these requests again with your client and further produce and/or indicate there are no further documents.

**Resources:**

Page 2 of 2

The next very broad category concerns resources which includes information regarding the handling of Local 715's funds and dues receipts and other assets. These materials relate directly to the existence of Local 715 and its operational activities. As we discussed, the information regarding dues and accounts has been made public by required reports as well as the fact that information regarding dues retained by Local 715 has been transmitted to Local 521 (who placed that information on its website). You mentioned that there are actual bank accounts presently managed by the trustee on behalf of Local 715 and you would review your client's records regarding this material but would ask that some actions be taken to preserve privacy (*e.g.*, redacting the last four digits of the account). We do want these records for the entire period specified. We are not sure what privacy interest there is in bank accounts of a labor organization as opposed to those of an individual, but we would be agreeable to this procedure preserving privacy so long as the accounts can be clearly identified as being accounts held by Local 715. You agreed to review your clients' records for these materials.

**Representation:**

We have addressed this issue in correspondence related to the discovery disputes but wanted to follow up on it here as well. We are not asking for communications where counsel for Local 715 is providing legal advice. We are asking for written materials reflecting Local 715's direct retention of counsel (and the identity of that counsel) and/or the use of counsel retained by other union entities (*i.e.*, UHW, Local 521 and/or the International) related to issues concerning Local 715. Again, we are not seeking information regarding legal advice given - just the fact of retention.

**Depositions:**

Finally, as discussed, we are seeking the depositions of Mr. Smith, Ms. Escamilla and Ms. Semersheim and wish to make those proceedings as efficient as possible. Thus, we want to schedule those depositions to take place after we have received your client's complete production of documents (so we can conclude the proceedings rather than adjourn them pending resolution of discovery disputes).

As your office is also representing UHW and Local 521, the above general descriptions also apply to these entities. Neither of these entities has provide a complete response to the subpoenas served on them nor have they produced any documents (which, of course, is inappropriate given the fact that they clearly have responsive documents - *e.g.*, UHW has the Servicing Agreement with Local 715 and communications related to it while Local 521 at the very least as communications related to the dues and members records it received from Local 715).

Our motion to continue the dispositive motion dates is pending with the Court and, given the existence of additional information to produce, we again ask that your client re-consider its position regarding continuing these dates - a simple stipulation would most likely be appreciated by the Court given the situation. Moreover, we represented to the Court that we will file motions to compel this week if the pending discovery issues cannot be resolved. Consequently, please provide us with responses as soon as possible so that we may determine if such a motion need be filed. Thanks very much.

*Eileen*



7/9/2008