1  WILLIAM A. SOKOL, Bar No. 072740
   VINCENT A. HARRINGTON, JR., Bar No. 071119
2  BRUCE A. HARLAND, Bar No. 230477
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone 510.337.1001
5  Fax 510.337.1023

6  Attorneys for Respondent/Cross-Petitioner
   SEIU, Local 715
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 SERVICE EMPLOYEES INTERNATIONAL    ) No.    5:08-CV-01726- JF
   UNION, LOCAL 715,                  )
12                                     ) DECLARATION OF BRUCE A.
                   Petitioner,         ) HARLAND IN SUPPORT OF LOCAL
13                                     ) 715'S MOTION TO COMPEL
        v.                             ) ARBITRATION
14                                     )
   STANFORD HOSPITAL & CLINICS and    ) Date:   August 29, 2008
15 LUCILE PACKARD CHILDREN'S          ) Time:  9:00 a.m.
   HOSPITAL,                          ) Judge: Hon. Jeremy Fogel
16                                     ) Courtroom:    3, 5th fl.
                                       )
17                 Respondents.        )
                                       )
18 _____)

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Declaration of Bruce A. Harland in Support of Local 715's Memorandum of Points and Authorities In Support of
Motion to Confirm Arbitration Award, Case No. 5:08-CV-01726- JF

1        I, Bruce A. Harland, hereby declare as follows:

2        1.    I am an attorney at law, admitted to practice before this Court, and a shareholder

3    with the law firm of Weinberg, Roger and Rosenfeld, attorneys for SEIU, Local 715 in the above-

4    referenced matter.  I make this declaration upon my personal knowledge, and, if called as a

5    witness, I could competently testify to the facts hereinafter stated.

6        2.    Attached as Exhibit A are true and correct copies of the relevant pages of a

7    transcript in an arbitration proceeding before Arbitrator Thomas Angelo on November 28, 2007,

8    involving the grievance of Victor Acosta.

9        3.    Attached as Exhibit B are true and correct copies of Stanford Hospital and Clinics

10    and Lucile Packard Children's Hospital's responses to requests for admissions.

11        I declare under penalty of perjury under the laws of the United States of America and the

12    State of California that the foregoing is true and correct.  Executed this 18th day of July 2008 in

13    Alameda, California.

14

15                    /s/BRUCE A. HARLAND

                        BRUCE A. HARLAND

16    117986/500199

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Declaration of Bruce A. Harland in Support of Local 715's Memorandum of Points and Authorities In Support of
Motion to Confirm Arbitration Award, Case No. 5:08-CV-01726- JF

IN ARBITRATION PROCEEDINGS

BEFORE HONORABLE THOMAS ANGELO, LABOR ARBITRATOR

In re: an arbitration between )
                                       )

STANFORD HOSPITAL & CLINICS )

LUCILE PACKARD CHILDREN'S )

HOSPITAL, )         **CERTIFIED COPY**

             )

             Complainant, )

             )

and                  ) FMCS No. 070420-55892-A

             )

SEIU LOCAL 715, )

             )

             Respondent. )

_____ )

             )

Grievance of Victor Acosta )

_____ )

TRANSCRIPT OF PROCEEDINGS

PALO ALTO, CALIFORNIA

NOVEMBER 28, 2007

REPORTED BY:  JANE H. STULLER, CSR NO. 7223

(401481)

PROCEEDINGS    November 28, 2007

1    to hear this dispute.

2              Joint Exhibit 6 is a letter over my signature

3    to the parties dated July 10, 2007 indicating today

4    would be the date for the hearing.

5              Joint Exhibit 7 is a step-two decision from the

6    hospital dated April 5, 2007.  It has attached -- it's a

7    two-page decision.  It has attached, apparently, the

8    invocation from the union I previously described.

9              I should also note there has been some

10   correspondence between the parties and the arbitrator

11   regarding another matter.  I'm assuming that will be

12   discussed at our next event.

13             Let me also say that the parties have agreed

14   that with respect to the dispute itself, the issues

15   would be whether the grievant was terminated for just

16   cause; and if not, what should the remedy be.

17             The parties have also agreed that should we

18   proceed further today, the matter is properly before the

19   arbitrator for resolution and that all time limits and

20   requirements to the contract with respect to the

21   processing of the grievance and invocation of

22   arbitration have been satisfied.

23             And they further agree that should I issue a

24   decision, an award in this matter, I may retain

25   jurisdiction to resolve any disputes over the meaning or

7

PROCEEDINGS     November 28, 2007

1     application of the decision and award.

2          I've indicated the documents I previously

3     described are provisionally marked as joint exhibits.  I

4     won't admit them at this point in light of what I

5     understand to be a procedural matter, and I will ask if

6     the parties wish to address that question at this point.

7          MR. ARNOLD:  The Employer does.

8          THE ARBITRATOR:  Okay.  Mr. Arnold, the floor

9     is yours.

10          MR. ARNOLD:  Mr. Arbitrator, as you are aware

11     from prior conversations, there is an underlying issue

12     that is fundamental to the arbitration of this

13     grievance, a grievance challenging the termination of

14     the grievant, Victor Acosta for theft.

15          But that underlying issue has nothing to do

16     with the merits of the grievance itself.  That issue

17     involves a dispute concerning the status of individuals

18     and entities purporting to act as the representatives of

19     SEIU Local 715 and of the bargaining unit employee at

20     the Stanford Hospital and Clinics and Lucile Packard

21     Children's Hospital.

22          While that issue is unrelated to the merits of

23     the particular grievance for which you were selected, it

24     is nevertheless a threshold issue.  For if the

25     individuals and entities attempting to appear here as

8

# CERTIFICATE OF CERTIFIED SHORTHAND REPORTER

I, JANE STULLER, hereby certify that I am a Certified Shorthand Reporter; that I reported in shorthand writing the foregoing matter at the time and place therein stated; that the foregoing pages are a full, true and complete transcript of my said shorthand notes and is a full, true and correct record of the proceedings had in said matter at said time and place.

Dated: December 13, 2007.


_Jane H. Stuller_

JANE STULLER

Certified Shorthand Reporter

California License #7223

1 | **FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2 | TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

3 | LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4 | SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents Stanford Hospital & Clinics
5 | and Lucile Packard Children's Hospital

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,**

Case No: **5:08-CV-01726 JF**

13 | Petitioner,

14 | vs.

**RESPONDENT LUCILE PACKARD CHILDREN'S HOSPITAL'S RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE)**

15 | **STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL,**

16

17 | Respondents.

18 | **Judge:        Hon. Jeremy Fogel**

19

20 | PROPOUNDING PARTY:    SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

21

22 | RESPONDING PARTY:    LUCILE PACKARD CHILDREN'S HOSPITAL

SET NUMBER:    ONE

23

24 | Respondent Lucile Packard Children's Hospital ("LPCH") responds to the requests for

25 | admissions (set one) propounded by petitioner Service Employees International Union, Local

26 | 715 ("Local 715") as follows:

27 | **REQUEST FOR ADMISSION NO. 1:**

28 | Admit that Lucile Packard Children's Hospital, through its counsel, stipulated that the

RESPONDENT LPCH'S RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE); CASE NO: 5:08-CV-01726 JF

1  United States District for the Northern District has personal jurisdiction by virtue of Section 301

2  of the Labor-Management Relations Act.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

4       Denied.  Local 715 has alleged that it is a labor organization and that therefore the Court

5  has jurisdiction under Section 301 of the Labor-Management Relations Act.  LPCH has asserted

6  as an affirmative defense, among other things, that Local 715 is not a labor organization.

7  **REQUEST FOR ADMISSION NO. 2:**

8       Admit that Lucile Packard Children's Hospital is an employer engaged in an industry

9  affecting commerce as defined by the National Labor Relations Act.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

11       Admitted.

12  **REQUEST FOR ADMISSION NO. 3:**

13       Admit that SEIU, Local 715 is an organization that employees at Lucile Packard

14  Children's Hospital participate in and which exists for the purpose, in whole or in part, of dealing

15  with Lucile Packard Children's Hospital concerning grievances, labor disputes, wages, rates of

16  pay, hours of employment, or conditions of work.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

18       LPCH admits that prior to March 1, 2007 or thereabouts, Local 715 was an organization

19  that employees at LPCH participated in and which existed for the purpose, in whole or in part, of

20  dealing with LPCH concerning grievances, labor disputes, wages, rates of pay, hours of

21  employment, or conditions of work.  After reasonable inquiry, based on information presently

22  known or reasonably available, LPCH lacks sufficient information at this time to admit or deny

23  that Local 715 maintained this status after March 1, 2007.  Discovery is ongoing.

24  **REQUEST FOR ADMISSION NO. 4:**

25       Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

26  Stewards over grievances.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

28       LPCH admits that it deals over grievances with persons who, prior to March 1, 2007,

1    were designated by Local 715 as shop stewards.

2    **REQUEST FOR ADMISSION NO. 5:**

3       Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

4    Stewards over labor disputes.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

6       LPCH denies that, apart from grievances as described above, there been any labor

7    disputes about which it would deal with any person.

8    **REQUEST FOR ADMISSION NO. 6:**

9       Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

10    Stewards over rates of pay.

11    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

12       LPCH admits that it has given notices regarding rates of pay to persons who, prior to

13    March 1, 2007, were designated by Local 715 as shop stewards, but denies that it has dealt with

14    anyone over rates of pay since March 1, 2007.

15    **REQUEST FOR ADMISSION NO. 7:**

16       Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

17    Stewards over hours of employment.

18    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

19       LPCH admits that it deals over hours of employment with persons who, prior to March 1,

20    2007, were designated by Local 715 as shop stewards.

21    **REQUEST FOR ADMISSION NO. 8:**

22       Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

23    Stewards over conditions of work.

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

25       LPCH admits that it deals over conditions of work with persons who, prior to March 1,

26    2007, were designated by Local 715 as shop stewards.

27    **REQUEST FOR ADMISSION NO. 9:**

28       Admit that SEIU, Local 715 is a labor organization representing employees in an industry

1 | affecting commerce as defined by the National Labor Relations Act.

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

3 | LPCH admits that prior to March 1, 2007 or thereabouts, Local 715 was a labor

4 | organization representing employees in an industry affecting commerce as defined by the

5 | National Labor Relations Act. After reasonable inquiry, based on information presently known

6 | or reasonably available, LPCH lacks sufficient information at this time to admit or deny that

7 | Local 715 maintained this status after March 1, 2007. Discovery is ongoing.

8 | **REQUEST FOR ADMISSION NO. 10:**

9 | Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under

10 | oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board

11 | that Stanford Hospital and Clinics and Lucile Packard Children's Hospital deals with SEIU,

12 | Local 715 Shop Stewards with respect to the wages, hours, and terms and conditions of

13 | employment regarding workers represented by SEIU, Local 715.

14 | **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

15 | LPCH denies that Director of Employee and Labor Relations Laurie Quintel testified

16 | under oath in any forum on May 9, 2008. LPCH admits that Ms. Quintel testified at a hearing

17 | before Administrative Law Judge John J. McCarrick on May 6, 2008, but denies that her

18 | testimony was as described above.

19 | **REQUEST FOR ADMISSION NO. 11:**

20 | Admit that the National Labor Relations Board has certified SEIU, Local 715 as the

21 | exclusive representative of employees at Stanford Hospital and Clinics and Lucile Packard

22 | Children's Hospital pursuant to a Certification of Representation issued by the National Labor

23 | Relations Board in Case No. 32-RC-4504, as modified in Case No. 32-UC-363.

24

25

26

27

28

SFCA_1407042.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

LPCH admits that, pursuant to an order of the National Labor Relations Board dated November 30, 1998 in Case No. 32-RC-4504, as modified in Case No. 32-UC-363, SEIU Local 715 AFL-CIO, CLC was certified as the exclusive collective-bargaining representative of a group of employees of LPCH and Stanford Hospital And Clinics ("SHC") as set forth in that order.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital recognizes SEIU, Local 715 as the sole and exclusive representative for the purpose of collective bargaining for all full-time, part-time, and relief non-professional employees performing service and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital, Welch Road and Blake Wilbur Drive.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

LPCH admits that it recognized Local 715 as the sole and exclusive representative for the purposes of collective bargaining for all full-time, part-time, and relief non-professional employees performing service and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital, Welch Road and Blake Wilbur Drive until March 1, 2007 or thereabouts. LPCH believes that, after March 1, 2007 or thereabouts, Local 715 effectively ceased to exist and/or attempted to transfer its representational rights to Service Employees International Union, United Healthcare Workers – West. Discovery is continuing.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Lucile Packard Children's Hospital has not withdrawn recognition of SEIU, Local 715.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board that Lucile Packard Children's Hospital has not withdrawn recognition of SEIU, Local 715.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

2         LPCH denies that Director of Employee and Labor Relations Laurie Quintel testified

3  under oath in any forum on May 9, 2008.  LPCH admits that Ms. Quintel testified at a hearing

4  before Administrative Law Judge John J. McCarrick on May 6, 2008, and that at that hearing,

5  she testified that, at that time, LPCH had not withdrawn recognition from of Local 715.

6  **REQUEST FOR ADMISSION NO. 15:**

7         Admit that there is a collective bargaining agreement between SEIU, Local 715 and

8  Stanford Hospital and Clinics and Lucile Packard Children's Hospital, effective January 20,

9  2006 through November 4, 2008.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

11        LPCH admits that, prior to March 1, 2007, LPCH and Local 715 negotiated and executed

12 a collective bargaining agreement, which agreement bears the effective dates of January 20, 2006

13 through November 4, 2008.

14 **REQUEST FOR ADMISSION NO. 16:**

15        Admit that SEIU, Local 715 enjoys an irrebuttable presumption of continuing majority

16 status for the duration of the collective bargaining agreement between Stanford Hospital and

17 Clinics and Lucile Packard Children's Hospital.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

19        LPCH admits that, if Local 715 in fact continues to exist, and if it has not transferred its

20 representational right to another labor organization, whether properly or improperly, it would

21 enjoy an irrebuttable presumption of continuing majority support for the duration of the

22 collective bargaining agreement between LPCH and Local 715.

23 **REQUEST FOR ADMISSION NO. 17:**

24        Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital filed

25 three unfair labor practice charges, Case Nos. 32-CB-6237, 32-CB-5350 and 32-CB-635l,

26 alleging that SEIU, Local 715 failed to provide relevant and necessary information to Stanford

27 Hospital and Clinics and Lucile Packard Children's Hospital, pursuant to its obligation as a labor

28 organization under the National Labor Relations Act.

SFCA_1407042.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

LPCH admits that, on or around April 16, 2007, it filed an unfair labor practice charge against Local 715 designated Case No. 32-CB-6237 stating as the basis of the charge that:

> Despite repeated requests, the Union refuses to provide the Employer with sufficient information to permit the Employer to determine whether the Union continues to exist as an active labor organization within the meaning of the Act.
> Repeated calls to the telephone number for the Union yield the response that it no longer exists. The Union's website, SEIU715.org, transfers the visitor to a website for SEIU521, which advises that SEIU Local 715 is now part of that local, and that the resources of Local 715 and four (4) other locals have been transferred to Local 521.

LPCH admits that, on or around October 19, 2007, it filed an unfair labor practice charge against Local 715 designated Case No. 32-CB-6350 stating as the basis of the charge that:

> The Union has failed and refused to provide information concerning whether the firm of Weinberg Roger & Rosenfeld is providing representational services directly on behalf of the Union, or on behalf of SEIU-UHW pursuant to an invalid servicing agreement between the Union and SEIU-UHW, which servicing agreement has previously been rejected by the Employer.

LPCH admits that, on or around October 19, 2007, it filed an unfair labor practice charge against Local 715 designated Case No. 32-CB-6351 stating as the basis of the charge that:

> The Union has refused to provide requested information relevant to the status and viability of SEIU, Local 715, for each month in the period from the announcement of the merger of Local 715 and four (4) other locals into Local 521 until the purported appointment of a "trustee" for SEIU, Local 715 by SEIU International.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Region 32 of the National Labor Relations Board issued a Complaint, on behalf of Stanford Hospital and Clinics and Lucile Packard's Children's Hospital, against SEIU, Local 715 in Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

LPCH admits that Region 32 of the National Labor Relations Board issued a complaint in Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351. LPCH denies that the complaint was

7

SFCA_1407042.1

1 | issued on behalf of LPCH and/or SHC.

2 | **REQUEST FOR ADMISSION NO. 19:**

3 | Admit that Region 32 of the National Labor Relations Board alleged that SEIU,

4 | Local 715 "is now, and has been at all times material herein, a labor organization within the

5 | meaning of Section 2(5) of [the National Labor Relations] Act."

6 | **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

7 | LPCH admits that Region 32 of the National Labor Relations Board issued a complaint in

8 | Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351, and that Paragraph 4 of that complaint

9 | states that: "Respondent is now, and has been at all times material herein, a labor organization

10 | within the meaning of Section 2(5) of the Act."

11 | **REQUEST FOR ADMISSION NO. 20:**

12 | Admit that at no time during the hearing, on May 9, 2008, did Stanford Hospital and

13 | Clinics and Lucile Packard Children's Hospital object to the allegation that SEIU, Local 715 "is

14 | now, and has been at all times material herein, a labor organization within the meaning of

15 | Section 2(5) of [the National Labor Relations] Act."

16 | **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

17 | LPCH denies that any hearing took place on May 9, 2008.  LPCH further denies that it

18 | was in a position to object to, or otherwise file pleadings responsive to the Complaint issued by

19 | Region 32 of the National Labor Relations Board.

20 | **REQUEST FOR ADMISSION NO. 21:**

21 | Admit that had Stanford Hospital and Clinics and Lucile Packard Children's Hospital

22 | objected to the allegation that SEIU, Local 715 "is now, and has been at all times material herein,

23 | a labor organization within the meaning of Section 2(5) of [the National Labor Relations] Act"

24 | the Complaint issued by Region 32 of the National Labor Relations Board would have been

25 | dismissed because of SEIU, Local 715's lack of standing as a labor organization.

26 | **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

27 | LPCH objects to Request For Admission No. 21 on the grounds that it requests an

28 | admission based on speculation regarding the hypothetical actions of third parties based upon a

SFCA_1407042.1

1    hypothetical fact pattern. As LPCH cannot ascertain such facts, it can neither admit nor deny the

2    content of the request for admission.

3    **REQUEST FOR ADMISSION NO. 22:**

4         Admit that YOU have refused to submit SEIU, Local 715's grievance protesting an

5    unjust termination to arbitration.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

7         LPCH objects that the reference to "Local 715's grievance protesting an unjust

8    termination" is vague and ambiguous. LPCH denies that it has refused to arbitrate substantively

9    arbitrable and procedurally proper grievances with Local 715 and its properly appointed

10    representatives. LPCH has refused to arbitrate grievances with Service Employees International

11    Union, United Healthcare Workers – West ("UHW") and its representatives who purport to

12    appear on behalf of Local 715 pursuant to a "Servicing Agreement" that LPCH has rejected.

13    This includes the above-referenced grievance, assuming that "Local 715's grievance protesting

14    an unjust termination" refers to the grievance filed on behalf of James Satuito in March, 2007,

15    and assuming that grievance is procedurally proper.

16    **REQUEST FOR ADMISSION NO. 23:**

17         Admit that because SEIU, Local 715 is an existing labor organization, under Section 8(g)

18    of the National Labor Relations Act, if it chose to engage in any strike, picketing, or other

19    concerted refusal to work at Stanford Hospital and Clinics and Lucile Packard Children's

20    Hospital, it must notify in writing Stanford Hospital and Clinics and Lucile Packard Children's

21    Hospital and the Federal Mediation and Conciliation Service of its intent to do so, not less than

22    ten days prior to engaging in any strike, picketing, or other concerted refusal to work.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

24         LPCH objects to the request for admission on the grounds that it seeks information that is

25    not relevant to a claim or defense of any party and that it calls for a conclusion of law.

26    Notwithstanding such objections, LPCH admits that if Local 715 is in fact a labor organization, it

27    would be required to give notice to LPCH and SHC before engaging an any strike, picketing, or

28    other refusal to work at LPCH and/or SHC under Section 8(g) of the National Labor Relations

SFCA_1407042.1

1  Act, and that, if Local 715 is in fact a labor organization, it would be prohibited from engaging in

2  a strike, concerted refusal to work, or any picketing other than informational picketing against

3  LPCH and/or SHC by an existing collective bargaining agreement, whether or not it gave the

4  notice required under Section 8(g).

5

6  Dated: July _11_, 2008                    FOLEY & LARDNER LLP
                                            LAURENCE R. ARNOLD
7                                           EILEEN R RIDLEY
                                            SCOTT P. INCIARDI
8

9

10  By: _____
                                            EILEEN R. RIDLEY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            10

SFCA_1407042.1

1

2

## <u>VERIFICATION</u>

3    I, Laurie J. Quintel, declare:

4         I am the Director of Employee and Labor Relations for Lucile Packard Children's

5    Hospital ("LPCH"), and am authorized to make this verification for, and on behalf of, LPCH. I

6    have read LPCH's "Response To Petitioner's Request For Admissions Under Rule 36 (Set One)"

7    and know its contents. The information is true and correct of my own knowledge, except as to

8    those matters which are stated on information and belief, and as to those matters, I believe them

9    to be true.

10        I declare under penalty of perjury under the laws of the State of California and the United

11   States of America that the foregoing is true and correct.

12

13   Dated: July _16_, 2008

14

15                                        _Laurie J. Quintel_____

16                                        LAURIE J. QUINTEL

17

18

19

20

21

22

23

24

25

26

27

28

SFCA  1407042.1

1

**PROOF OF SERVICE**

2

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza,**

3

**Sixth Floor, San Francisco, CA 94111-3409**.

4

On **July 11, 2008**, I served the foregoing document(s) described as: **RESPONDENT LUCILE PACKARD CHILDREN'S HOSPITAL'S RESPONSE TO**

5

**PETITIONER'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE), Case No. 5:08-CV-01726-JF,** on the interested parties in this action as follows:

6

7

✓      BY THE FOLLOWING MEANS:
      I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

8

9

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.

10

Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200

11

Alameda, CA 94501-1091
(510) 337-1023

12

13

14

✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

15

      ✓      I am readily familiar with the firm's practice for collection and processing
            of correspondence for delivery by Federal Express: collected packages are

16

            picked up by an express carrier representative on the same day, with the
            Airbill listing the account number for billing to sender, at **San Francisco,**

17

            **California,** in the ordinary course of business. I placed the envelope(s) in
            an envelope or package designated by the express service carrier for

18

            collection and processing for express service delivery on the above date
            following ordinary business practices.

19

✓      Executed on **July 11, 2008**, at **San Francisco, California**.

20

✓            I declare under penalty of perjury under the laws of the State of California
            that the above is true and correct.

21

✓            I declare that I am employed in the office of a member of the bar of this
            court at whose direction the service was made.

22

23

24

*Patricia A. Lee*
Patricia A. Lee

25

26

27

28

**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents Stanford Hospital & Clinics
and Lucile Packard Children's Hospital

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,** | Case No:  **5:08-CV-01726 JF** |
| Petitioner, | |
| vs. | **RESPONDENT STANFORD HOSPITAL & CLINICS' RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE)** |
| **STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL,** | |
| Respondents. | **Judge:        Hon. Jeremy Fogel** |

PROPOUNDING PARTY:    SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

RESPONDING PARTY:    STANFORD HOSPITAL & CLINICS

SET NUMBER:        ONE

Respondent Stanford Hospital And Clinics ("SHC") responds to the requests for admissions (set one) propounded by petitioner Service Employees International Union, Local 715 ("Local 715") as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that Stanford Hospital and Clinics, through its counsel, stipulated that the United

SFCA_1407041.1

RESPONDENT STANFORD'S RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO:  5:08-CV-01726-JF

1  States District for the Northern District has personal jurisdiction by virtue of Section 301 of the

2  Labor-Management Relations Act.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

4       Denied.  Local 715 has alleged that it is a labor organization and that therefore the Court

5  has jurisdiction under Section 301 of the Labor-Management Relations Act.  SHC has asserted as

6  an affirmative defense, among other things, that Local 715 is not a labor organization.

7  **REQUEST FOR ADMISSION NO. 2:**

8       Admit that Stanford Hospital and Clinics is an employer engaged in an industry affecting

9  commerce as defined by the National Labor Relations Act.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

11       Admitted.

12  **REQUEST FOR ADMISSION NO. 3:**

13       Admit that SEIU, Local 715 is an organization that employees at Stanford Hospital and

14  Clinics participate in and which exists for the purpose, in whole or in part, of dealing with

15  Stanford Hospital and Clinics concerning grievances, labor disputes, wages, rates of pay, hours

16  of employment, or conditions of work.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

18       SHC admits that prior to March 1, 2007 or thereabouts, Local 715 was an organization

19  that employees at SHC participated in and which existed for the purpose, in whole or in part, of

20  dealing with SHC concerning grievances, labor disputes, wages, rates of pay, hours of

21  employment, or conditions of work.  After reasonable inquiry, based on information presently

22  known or reasonably available, SHC lacks sufficient information at this time to admit or deny

23  that Local 715 maintained this status after March 1, 2007.  Discovery is ongoing.

24  **REQUEST FOR ADMISSION NO. 4:**

25       Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

26  grievances.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

28       SHC admits that it deals over grievances with persons who, prior to March 1, 2007, were

SFCA_1407041.1

1   designated by Local 715 as shop stewards.

2   **REQUEST FOR ADMISSION NO. 5:**

3      Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

4   labor disputes.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

6      SHC denies that, apart from grievances as described above, there been any labor disputes

7   about which it would deal with any person.

8   **REQUEST FOR ADMISSION NO. 6:**

9      Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

10  rates of pay.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

12     SHC admits that it has given notices regarding rates of pay to persons who, prior to

13  March 1, 2007, were designated by Local 715 as shop stewards, but denies that it has dealt with

14  anyone over rates of pay since March 1, 2007.

15  **REQUEST FOR ADMISSION NO. 7:**

16     Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

17  hours of employment.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

19     SHC admits that it deals over hours of employment with persons who, prior to March 1,

20  2007, were designated by Local 715 as shop stewards.

21  **REQUEST FOR ADMISSION NO. 8:**

22     Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

23  conditions of work.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

25     SHC admits that it deals over conditions of work with persons who, prior to March 1,

26  2007, were designated by Local 715 as shop stewards.

27  **REQUEST FOR ADMISSION NO. 9:**

28     Admit that SEIU, Local 715 is a labor organization representing employees in an industry

3

RESPONDENT STANFORD'S RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE); CASE NO: 5:08-CV-01726-JF

SFCA_1407041.1

1 | affecting commerce as defined by the National Labor Relations Act.

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

3 | SHC admits that prior to March 1, 2007 or thereabouts, Local 715 was a labor

4 | organization representing employees in an industry affecting commerce as defined by the

5 | National Labor Relations Act. After reasonable inquiry, based on information presently known

6 | or reasonably available, SHC lacks sufficient information at this time to admit or deny that Local

7 | 715 maintained this status after March 1, 2007. Discovery is ongoing.

8 | **REQUEST FOR ADMISSION NO. 10:**

9 | Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under

10 | oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board

11 | that Stanford Hospital and Clinics and Lucile Packard Children's Hospital deals with SEIU,

12 | Local 715 Shop Stewards with respect to the wages, hours, and terms and conditions of

13 | employment regarding workers represented by SEIU, Local 715.

14 | **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

15 | SHC denies that Director of Employee and Labor Relations Laurie Quintel testified under

16 | oath in any forum on May 9, 2008. SHC admits that Ms. Quintel testified at a hearing before

17 | Administrative Law Judge John J. McCarrick on May 6, 2008, but denies that her testimony was

18 | as described above.

19 | **REQUEST FOR ADMISSION NO. 11:**

20 | Admit that the National Labor Relations Board has certified SEIU, Local 715 as the

21 | exclusive representative of employees at Stanford Hospital and Clinics and Lucile Packard

22 | Children's Hospital pursuant to a Certification of Representation issued by the National Labor

23 | Relations Board in Case No. 32-RC-4504, as modified in Case No. 32-UC-363.

24 | **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

25 | SHC admits that, pursuant to an order of the National Labor Relations Board dated

26 | November 30, 1998 in Case No. 32-RC-4504, as modified in Case No. 32-UC-363, SEIU Local

27 | 715 AFL-CIO, CLC was certified as the exclusive collective-bargaining representative of a

28 | group of employees of SHC and Lucile Packard Children's Hospital ("LPCH") as set forth in

4

SFCA_1407041.1

1  that order.

2  **REQUEST FOR ADMISSION NO. 12:**

3       Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital

4  recognizes SEIU, Local 715 as the sole and exclusive representative for the purpose of collective

5  bargaining for all full-time, part-time, and relief non-professional employees performing service

6  and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital,

7  Welch Road and Blake Wilbur Drive.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

9       SHC admits that it recognized Local 715 as the sole and exclusive representative for the

10  purposes of collective bargaining for all full-time, part-time, and relief non-professional

11  employees performing service and patient care functions employed at Stanford Hospital, Lucile

12  Packard Children's Hospital, Welch Road and Blake Wilbur Drive until March 1, 2007 or

13  thereabouts. SHC believes that, after March 1, 2007 or thereabouts, Local 715 effectively ceased

14  to exist and/or attempted to transfer its representational rights to Service Employees International

15  Union, United Healthcare Workers – West. Discovery is continuing.

16  **REQUEST FOR ADMISSION NO. 13:**

17       Admit that Stanford Hospital and Clinics has not withdrawn recognition of SEIU,

18  Local 715.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

20       Admitted.

21  **REQUEST FOR ADMISSION NO. 14:**

22       Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under

23  oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board

24  that Stanford Hospital and Clinics has not withdrawn recognition of SEIU, Local 715.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

26       SHC denies that Director of Employee and Labor Relations Laurie Quintel testified under

27  oath in any forum on May 9, 2008. SHC admits that Ms. Quintel testified at a hearing before

28  Administrative Law Judge John J. McCarrick on May 6, 2008, and that at that hearing, she

SFCA_1407041.1

1  testified that, at that time, SHC had not withdrawn recognition from of Local 715.

2  **REQUEST FOR ADMISSION NO. 15:**

3        Admit that there is a collective bargaining agreement between SEIU, Local 715 and

4  Stanford Hospital and Clinics and Lucile Packard Children's Hospital, effective January 20,

5  2006 through November 4, 2008.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

7        SHC admits that, prior to March 1, 2007, SHC and Local 715 negotiated and executed a

8  collective bargaining agreement, which agreement bears the effective dates of January 20, 2006

9  through November 4, 2008.

10  **REQUEST FOR ADMISSION NO. 16:**

11        Admit that SEIU, Local 715 enjoys an irrebuttable presumption of continuing majority

12  status for the duration of the collective bargaining agreement between Stanford Hospital and

13  Clinics and Lucile Packard Children's Hospital.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

15        SHC admits that, if Local 715 in fact continues to exist, and if it has not transferred its

16  representational right to another labor organization, whether properly or improperly, it would

17  enjoy an irrebuttable presumption of continuing majority support for the duration of the

18  collective bargaining agreement between SHC and Local 715.

19  **REQUEST FOR ADMISSION NO. 17:**

20        Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital filed

21  three unfair labor practice charges, Case Nos. 32-CB-6237, 32-CB-5350 and 32-CB-635l,

22  alleging that SEIU, Local 715 failed to provide relevant and necessary information to Stanford

23  Hospital and Clinics and Lucile Packard Children's Hospital, pursuant to its obligation as a labor

24  organization under the National Labor Relations Act.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

26        SHC admits that, on or around April 16, 2007, it filed an unfair labor practice charge

27  against Local 715 designated Case No. 32-CB-6237 stating as the basis of the charge that:

28        Despite repeated requests, the Union refuses to provide the

SFCA_1407041.1

1

2

> Employer with sufficient information to permit the Employer to determine whether the Union continues to exist as an active labor organization within the meaning of the Act.

3

> Repeated calls to the telephone number for the Union yield the response that it no longer exists. The Union's website, SEIU715.org, transfers the visitor to a website for SEIU521, which advises that SEIU Local 715 is now part of that local, and that the resources of Local 715 and four (4) other locals have been transferred to Local 521.

4

5

6

7

SHC admits that, on or around October 19, 2007, it filed an unfair labor practice charge against Local 715 designated Case No. 32-CB-6350 stating as the basis of the charge that:

8

9

> The Union has failed and refused to provide information concerning whether the firm of Weinberg Roger & Rosenfeld is providing representational services directly on behalf of the Union, or on behalf of SEIU-UHW pursuant to an invalid servicing agreement between the Union and SEIU-UHW, which servicing agreement has previously been rejected by the Employer.

10

11

12

13

SHC admits that, on or around October 19, 2007, it filed an unfair labor practice charge against Local 715 designated Case No. 32-CB-6351 stating as the basis of the charge that:

14

15

> The Union has refused to provide requested information relevant to the status and viability of SEIU, Local 715, for each month in the period from the announcement of the merger of Local 715 and four (4) other locals into Local 521 until the purported appointment of a "trustee" for SEIU, Local 715 by SEIU International.

16

17

18

**REQUEST FOR ADMISSION NO. 18:**

19

Admit that Region 32 of the National Labor Relations Board issued a Complaint, on

20

behalf of Stanford Hospital and Clinics and Lucile Packard's Children's Hospital, against SEIU,

21

Local 715 in Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-635l.

22

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

23

SHC admits that Region 32 of the National Labor Relations Board issued a complaint in

24

Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351. SHC denies that the complaint was

25

issued on behalf of SHC and/or LPCH.

26

**REQUEST FOR ADMISSION NO. 19:**

27

Admit that Region 32 of the National Labor Relations Board alleged that SEIU,

28

Local 715 "is now, and has been at all times material herein, a labor organization within the

7

SFCA_1407041.1

1 | meaning of Section 2(5) of [the National Labor Relations] Act."

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

3 |       SHC admits that Region 32 of the National Labor Relations Board issued a complaint in

4 | Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351, and that Paragraph 4 of that complaint

5 | states that: "Respondent is now, and has been at all times material herein, a labor organization

6 | within the meaning of Section 2(5) of the Act."

7 | **REQUEST FOR ADMISSION NO. 20:**

8 |       Admit that at no time during the hearing, on May 9, 2008, did Stanford Hospital and

9 | Clinics and Lucile Packard Children's Hospital object to the allegation that SEIU, Local 715 "is

10 | now, and has been at all times material herein, a labor organization within the meaning of

11 | Section 2(5) of [the National Labor Relations] Act."

12 | **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

13 |       SHC denies that any hearing took place on May 9, 2008. SHC further denies that it was

14 | in a position to object to, or otherwise file pleadings responsive to the Complaint issued by

15 | Region 32 of the National Labor Relations Board.

16 | **REQUEST FOR ADMISSION NO. 21:**

17 |       Admit that had Stanford Hospital and Clinics and Lucile Packard Children's Hospital

18 | objected to the allegation that SEIU, Local 715 "is now, and has been at all times material herein,

19 | a labor organization within the meaning of Section 2(5) of [the National Labor Relations] Act"

20 | the Complaint issued by Region 32 of the National Labor Relations Board would have been

21 | dismissed because of SEIU, Local 715's lack of standing as a labor organization.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

23 |       SHC objects to Request For Admission No. 21 on the grounds that it requests an

24 | admission based on speculation regarding the hypothetical actions of third parties based upon a

25 | hypothetical fact pattern. As SHC cannot ascertain such facts, it can neither admit nor deny the

26 | content of the request for admission.

27 | **REQUEST FOR ADMISSION NO. 22:**

28 |       Admit that YOU have refused to submit SEIU, Local 715's grievance protesting an

SFCA_1407041.1

1   unjust termination to arbitration.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

3       SHC objects that the reference to "Local 715's grievance protesting an unjust

4   termination" is vague and ambiguous.  SHC denies that it has refused to arbitrate substantively

5   arbitrable and procedurally proper grievances with Local 715 and its properly appointed

6   representatives.  SHC has refused to arbitrate grievances with Service Employees International

7   Union, United Healthcare Workers – West ("UHW") and its representatives who purport to

8   appear on behalf of Local 715 pursuant to a "Servicing Agreement" that SHC has rejected.  This

9   includes the above-referenced grievance, assuming that "Local 715's grievance protesting an

10  unjust termination" refers to the grievance filed on behalf of James Satuito in March, 2007, and

11  assuming that grievance is procedurally proper.

12  **REQUEST FOR ADMISSION NO. 23:**

13      Admit that because SEIU, Local 715 is an existing labor organization, under Section 8(g)

14  of the National Labor Relations Act, if it chose to engage in any strike, picketing, or other

15  concerted refusal to work at Stanford Hospital and Clinics and Lucile Packard Children's

16  Hospital, it must notify in writing Stanford Hospital and Clinics and Lucile Packard Children's

17  Hospital and the Federal Mediation and Conciliation Service of its intent to do so, not less than

18  ten days prior to engaging in any strike, picketing, or other concerted refusal to work.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

9

SFCA_1407041.1

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

2        SHC objects to the request for admission on the grounds that it seeks information that is

3    not relevant to a claim or defense of any party and that it calls for a conclusion of law.

4    Notwithstanding such objections, SHC admits that if Local 715 is in fact a labor organization, it

5    would be required to give notice to SHC and LPCH before engaging an any strike, picketing, or

6    other refusal to work at SHC and/or LPCH under Section 8(g) of the National Labor Relations

7    Act, and that, if Local 715 is in fact a labor organization, it would be prohibited from engaging in

8    a strike, concerted refusal to work, or any picketing other than informational picketing against

9    SHC and/or LPCH by an existing collective bargaining agreement, whether or not it gave the

10   notice required under Section 8(g).

11

12   Dated:  July  //, 2008                              FOLEY & LARDNER LLP
                                                          LAURENCE R. ARNOLD
13                                                        EILEEN R RIDLEY
                                                          SCOTT P. INCIARDI
14

15

16                                          By:  _____
                                                      EILEEN R. RIDLEY
17

18

19

20

21

22

23

24

25

26

27

28

RESPONDENT STANFORD'S RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE); CASE NO:  5:08-CV-01726-JF

SFCA_1407041.1

1

## <u>VERIFICATION</u>

2

3    I, Laurie J. Quintel, declare:

4        I am the Director of Employee and Labor Relations for Stanford Hospital and Clinics

5    ("SHC"), and am authorized to make this verification for, and on behalf of, SHC.  I have read

6    SHC's "Response To Petitioner's Request For Admissions Under Rule 36 (Set One)" and know

7    its contents.  The information is true and correct of my own knowledge, except as to those

8    matters which are stated on information and belief, and as to those matters, I believe them to be

9    true.

10        I declare under penalty of perjury under the laws of the State of California and the United

11    States of America that the foregoing is true and correct.

12

13    Dated:  July /0 , 2008

14

15                                                LAURIE J. QUINTEL

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONDENT STANFORD'S RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE); CASE NO:  5:08-CV-01726-JF

SFCA 1407041.1

1

**PROOF OF SERVICE**

2

I am employed in the **County of San Francisco**, **State of California**.  I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

3

4

On **July 11, 2008**, I served the foregoing document(s) described as: **RESPONDENT STANFORD HOSPITAL & CLINICS' RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE), Case No. 5:08-CV-01726-JF,** on the interested parties in this action as follows:

5

6

✓       BY THE FOLLOWING MEANS:
         I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

7

8

9

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
(510) 337-1023

10

11

12

13

✓       BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14

         ✓       I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express:  collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business.  I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

15

16

17

18

19

✓       Executed on **July 11, 2008**, at **San Francisco, California**.

20

✓               I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

✓               I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

23

24

Patricia A. Lee

25

26

27

28